STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAR 3 P 1: 25 TEH - CUM- 3/3/2004

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-106

HERBERT SCHWARTZ and
JOHN COLONNA,

Plaintiffs,

v.

DECISION AND ORDER

MARK A. COLONNA,

DONALD L. GARBRECHT
LAW LIBRARY

Defendant.

MAY 12 2004

This matter was tried before the court on Counts I, II, IV and V of the plaintiffs' complaint remaining after the prior entry of summary judgment.

BACKGROUND

The plaintiffs, John Colonna and Herbert Schwartz, and the defendant, Mark Colonna formed an oral partnership agreement to purchase and sell real property situated at 926 Forest Avenue, Portland, Maine. Pursuant to the agreement, the plaintiffs were to contribute capital for the purchase price and the defendant was responsible for acquiring, managing and selling the property. The plaintiffs hoped to resell the property at a favorable price within three to four months. From the net proceeds of an eventual sale, the plaintiffs were to recoup their contributions and any net profit was to be divided equally among the partners.

In early October 2002, the defendant falsely told the plaintiffs that the purchase price for the property was $105,000. In fact, the price was only $97,500. In reliance upon the defendant's representation, the plaintiffs gave him their capital contributions in the aggregate amount of $105,000. Of this

1

sum, Herbert Schwartz contributed $37,500.00 and John Colonna contributed $67,500.00. On October 11, 2003, the defendant used $98,737.25 of these funds to purchase the Forest Avenue property, taking title in his own name.[1]

In July 2002, the defendant pledged the property as collateral for a $50,000 personal loan that he obtained from Key Bank. The plaintiffs did not consent to this encumbrance on the partnership's property and, in fact, were not even aware of it.

In August 2002 or September 2002, Herbert Schwartz contacted the defendant on behalf of both plaintiffs. At the time, John Coronna learned that he had prostate cancer and wanted to recoup his investment. Schwartz informed the defendant that Colonna needed the monies he had contributed. Schwartz offered to purchase the property and said that the defendant could have two-thirds of any profit realized from that buy-out. The defendant did not tell Schwartz that the property was encumbered with a $50,000 mortgage. However, the defendant did say that he had taken a $1,000 deposit from a third-party and the partnership was obligated to sell to that person. In December 2002 or January 2003, Schwartz contacted the defendant to ascertain the status of the pending sale. The defendant reported that no progress had been made.

On January 24, 2003, the defendant sold the property for $118,000 and incurred closing costs totaling $1,565.50.[2] The defendant also used

---

[1] This sum is comprised of the purchase price ($97,500.00), plus customary adjustments at the closing for real estate taxes ($459.41), recording fees ($15.34), transfer taxes ($214.50), title insurance ($323.00) and title exam ($225.00). See Def.'s Ex. 1 (although this document is marked as a defendant's exhibit, it was offered by the plaintiffs and admitted without objection).

2

$50,645.27 of the sale proceeds to pay off his Key Bank mortgage encumbering the property. The defendant did not tell the plaintiffs about the sale. The defendant retained, and continues to retain, all of the proceeds from the sale, as well as the excess contributions advanced to him by the plaintiffs.

Between October 11, 2001 and January 24, 2003, the defendant expended $3,050 of the monies contributed by the plaintiffs for various carrying costs associated with the property.[3]

On February 13, 2003, Schwartz again contacted the defendant to find out when the property would be sold. The defendant falsely reported that the sale was delayed because the property appraisal was too low and the buyers' bank insisted upon a co-signer on the mortgage loan, and because an oil smell on the property had raised concerns as to whether the DEP might become involved. The following day, February 14, 2003, the plaintiffs first learned that the property had been sold. In response, they engaged the services of an attorney and commenced this lawsuit.

---

[2] This sum is comprised of adjustments at the closing for real estate taxes ($1,277.27), sewer ($14.63), water ($14.00) and transfer taxes ($259.60). See Def.'s Ex. 3 (this document is marked as a defendant's exhibit, but was offered by the plaintiffs and admitted without objection). It does not include expenditures associated with the payoff of the defendant's mortgage.

[3] This sum is comprised of property-related costs for insurance ($1,000.00), oil ($500.00), water and sewer ($300.00), electric ($250.00), an oil tank ($800.00), and inspection ($200.00). See Def.'s Ex. 2 (this document is marked as a defendant's exhibit, but was offered by the plaintiffs and admitted without objection). Although this hand-written exhibit produced by the defendant reflects an expenditure of $1,000 for an oil tank, Herbert Schwartz testified without contradiction that the defendant represented that the cost was actually $800.00. This exhibit also appears to reflect a claim by the defendant that he paid real estate taxes of $3000.00 over and above any closing adjustments for real estate taxes. Obviously, any such payment had to have occurred between October 11, 2001 and January 24, 2003, when the property was in the defendant's name. However, it is clear from Def.'s Exs. 1 & 3 that all of the real estate taxes for that period were fully accounted for, adjusted and paid at the closing transactions. Accordingly, the court finds the $3,000 claim to be incredible.

3

The foregoing reflects that the purchase and sale of the Forest Avenue property generated a net profit of $14,647.25, calculated as follows:

PURCHASE & EXPENSES

| | | |
|---|---|---|
| Gross Purchase Price | 97,500.00 | |
| Allowable Closing Costs | 1,237.25 | |
| Net Purchase Price | 98,737.25 | |
| Allowable Carrying Costs | 3,050.00 | |
| NET PURCHASE & EXPENSES | | (101,787.25) |

SALES PRICE

| | | |
|---|---|---|
| Gross Sales Price | 118,000.00 | |
| Allowable Closing Costs | (1,565.50) | |
| NET SALES PRICE | | 116,434.50 |
| NET PROFIT | | 14,647.25 |

Based on this calculation, each partner's one-third share of the net profit is $4,882.42. The defendant has not accounted for or provided to the plaintiffs their respective shares of the net profit.

On February 20, 2003, the plaintiffs filed a five-count complaint against the defendant alleging conversion (Count I), quantum meruit (Count II), unjust enrichment (Count III), fraud and misrepresentation (Count IV), and breach of fiduciary duty based on partnership (Count V). On January 7, 2004, the court granted partial summary judgment to the plaintiffs on Count II for their respective capital contributions, and to the plaintiff John Coronna for one-third of the profits of the sale of the partnership property. The court also granted summary judgment to the defendant on Count III.

4

## DISCUSSION

### A.    Count I - Conversion

As the court has previously noted, the elements of a claim for conversion include

> (1) a showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder.

*Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800 (citing *Leighton v. Fleet Bank of Me.*, 634 A.2d 453, 457 (Me. 1993)).

The evidence establishes that the plaintiffs have a property interest in their respective shares of the net profit from the sale of the property and the amount of their capital contributions, and that they had the right to such funds at the time that the property was sold. Although the plaintiffs have not established on this record that they expressly demanded a return of their money before commencing this action, the evidence is clear that in light of the continuing duplicitous conduct of the defendant a demand would have been futile and, thus, was not required in this case. *See Bradford v. Dumond*, 675 A.2d 957, 962 (Me. 1996). Therefore, the plaintiffs have established their claim for conversion and are entitled to judgment on Count I of the complaint.

### B.    Count II - Quantum Meruit

The plaintiffs are also entitled to judgment on their claim for relief under the theory of quantum meruit. In the earlier summary judgment order, the court found that the parties had an implied contract and that the defendant's failure to return the money advanced by them constituted a breach of that

5

agreement. *See Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269, 271. In addition, the plaintiffs are each entitled to their respective one-third share of the net profit from the sale of the property and the defendant has also breached that part of his obligations under the implied agreement. *See id.*

C.    Count IV - Fraudulent Misrepresentation

The evidence is clear and convincing that the defendant made several material misrepresentations to the plaintiffs both at the inception and during the course of their business relationship.[4] The defendant overstated the purchase price at the outset and, in reliance on that information, the plaintiffs give him $7,500 more than they otherwise would have. In August 2002 or September 2002, before the property had been sold, the defendant misrepresented the status of the property by creating a fiction about a low bank appraisal and a potential environmental situation affecting the property. In addition, he did not tell the plaintiffs that he had substantially encumbered the property with a personal mortgage. These were material misrepresentations of facts upon which the plaintiffs reasonably relied to their detriment. A person "may justifiably rely on the fraudulent misrepresentation of [another] ... without investigating the truth or falsity of the representation. Reliance is unjustified only if the plaintiff knows the representation is false or

---

[4]    To prevail on a claim for intentional fraud, the plaintiff must prove by clear and convincing evidence: (1) that the defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it is true or false, (4) for the purpose of inducing the plaintiff to act in reliance upon it, and, (5) the plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's damage.

*Rand v. Bath Iron Works Corp.*, 2003 ME 122, ¶ 9, 832 A.2d 771, 773 (citations omitted).

6

its falsity is obvious to him." *St. Francis De Sales C.U. v. Sun Ins. of N.Y.*, 2002 ME 127, ¶ 29, 818 A.2d 995, 1003 (citations omitted). The defendant's actions dissuaded Herbert Schwartz from pursuing efforts to purchase the property. If Schwartz had continued that pursuit, the plaintiffs would have discovered the defendant's misconduct in time to recover or at least protect some of their investment. Instead, the plaintiffs were left unaware of their need to seek legal or other remedies, which, at the time, could have preserved some of their equitable interest in the property and mitigated their damages.

The court is not persuaded by the defendant's argument that the plaintiffs cannot prevail on this claim because their complaint does not aver all of the acts of fraud with sufficient particularity. *See* M.R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity").[5] While it is true that the complaint only avers the defendant's fraudulent misstatement regarding the status of the sale of the property, and not the misstatements regarding the purchase price or the Key Bank mortgage, those other fraudulent events were established by unopposed evidence at trial and were known to the defendant at least by the time the plaintiffs had earlier filed their motion for summary judgment. "The test ... is not whether the complaint sets out a textbook definition of fraud, but whether defendant is fairly appraised of the elements of the claim." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 9.2 at 221 (citations omitted).

---

[5] "Failure to comply with the requirements of Rule 9(b) may ordinarily lead to a dismissal under Rule 12(b)(6) for failure to state a claim . . . If dismissal is granted, it would presumably be with leave to amend." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 9.2 at 222 (1970). No motion to dismiss Count IV was made in this case.

## D.    Count V - Partnership

The evidence is clear that the defendant did not act in good faith in his dealings with his partners about partnership property. *See Schneider v. Cooper,* 687 A.2d 606, 608 (Me. 1996); *see also* 31 M.R.S. § 301 (2003). He intentionally failed to disclose information regarding the status and sale of the property and, in so doing, took unfair advantage of the plaintiffs. Further, the defendant did not properly account for the benefits he wrongfully obtained and retained from his partners. *Id.* Accordingly, the court finds that the defendant breached his fiduciary duty and the plaintiffs are entitled to judgment on Count V of the complaint.

## E.    Damages

Based upon all of the foregoing, the court concludes that the plaintiffs are entitled to an award of damages, as follows: the plaintiff Herbert Schwartz is entitled to $42,382.42, comprised of his initial contribution ($37,500) plus his one-third share of the net profit ($4,882.42), together with lawful interest thereon; and the plaintiff John Colonna is entitled to $72,382.42, comprised of his initial contribution ($67,500) plus his one-third share of the net profit ($4,882.42), together with lawful interest thereon.

At trial, the plaintiffs affirmatively relinquished their claim for punitive damages with respect to their intentional tort claims of conversion and fraud. Even if they did not, there was insufficient evidence upon which to make such an award. The court may impose punitive damages "after weighing all relevant aggravating and mitigating factors." *Hanover Insurance Co. v. Hayward,* 464 A.2d 156, 158 (Me. 1983) (citations omitted). Aggravating factors include conduct that is egregious, such as "intentional, wanton, malicious, reckless, or

8

grossly negligent." *Id.* (citations omitted). Mitigating factors may include "a defendant's lack of assets to satisfy an award of punitive damages, or any other factor indicating that an award of punitive damages would not serve a deterrent function beneficial to society." *Id.* (citing W. Prosser, *Handbook of the Law of Torts*, § 2 at 9, 10 & n.73, 14 & n.13 (4th ed. 1971)). "[I]n order to preserve its deterrent value the award must 'bear some relationship to the actual wealth of the defendant.'" *Caron v. Caron*, 577 A.2d 1178, 1180 (Me. 1990) (quoting *Braley v. Bershire Mutual Ins. Co.*, 440 A.2d 359, 363 (Me. 1982). No evidence of the defendant's wealth was presented in this case and, employing the foregoing standard, the court concludes that, although the defendant's intentional conduct was egregious, an award of punitive damages would serve no further deterrent function.

F.    Attorney Fees

Although the plaintiffs appeared *pro se* during the trial of this matter, counsel had represented them from the inception of the action through and including the court's decision on their motion for summary judgment. They now seek reimbursement for attorney fees incurred by them.

"A court's authority to award attorney fees 'may be determined by statute, by the 'American Rule' at common law [which] generally prohibits taxing the losing party in litigation with a successful opponent's attorney fees, or by certain recognized common law authorizations of attorney fees.'" *Baker v. Manter*, 2001 ME 26, ¶ 13, 765 A.2d 583, 585 (citing *Linscott v. Foy*, 1998 ME 206, ¶17, 716 A.2d 1017, 1021). Courts should exercise this inherent authority to award attorney fees as a sanction only in the most extraordinary circumstances. *Id.* at ¶ 14, 765 A.2d at 585.

9

Although the prevailing party generally has no right to recover attorney fees, they "may be awarded for some kinds of tortious conduct[,] including a breach of a fiduciary duty. *Murphy v. Murphy*, 1997 ME 103, ¶¶ 15-16, 694 A.2d 932 (citations omitted) (attorneys fees allowed where defendant breached fiduciary duty to his children when he failed to repay children's funds that he borrowed for his personal use). The defendant's actions in the instant case, which included conversion, fraud and breach of fiduciary duty, were unquestionably egregious and provide this court with authority to impose attorney fees.

The amount of attorney fees awarded is within the court's discretion. *Town of Freeport v. Ocean Farms of Maine, Inc.*, 633 A.2d 396, 399 (Me. 1993). In order to make this determination, the court shall give the plaintiffs a brief period of time within which to submit an appropriate attorney fees affidavit, and shall give the defendant a corresponding opportunity to challenge the reasonableness of those fees in writing.

## DECISION

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference, and the entry is

Judgment for Plaintiffs on Counts I, II, IV and V of Plaintiffs' Complaint, as follows:

(A)    Plaintiff Herbert Schwartz is awarded compensatory damages of $42,382.42, together with prejudgment interest at the rate of 2.53%, and post-judgment interest at the rate of 7.28%;

(B)    Plaintiff John Colonna is awarded compensatory damages of $72,382.42, together with prejudgment interest at the rate of 2.53%, and post-judgment interest at the rate of 7.28%;

10

(C)     Plaintiffs are awarded their costs of this action; and

(D)     Plaintiffs shall also be awarded their reasonable attorney's fees in this action, as follows:

   (i)     Plaintiffs shall have until March 15, 2004, to file and exchange an appropriate attorney's fees affidavit;

   (ii)    Defendant shall have until March 30, 2004, to file and exchange a written objection to the reasonableness of such attorney's fees;

   (iii)   Thereafter, the court shall determine the amount of reasonable attorney's fees to be awarded to Plaintiffs and, unless otherwise ordered by the court, such determination shall be made without further notice or hearing.

Dated: March 3, 2004

_____
Justice, Superior Court

11

HERBERT SCHWARTZ - PLAINTIFF

Attorney for: HERBERT SCHWARTZ
DEBORAH MANN
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


JOHN COLONNA - PLAINTIFF

Attorney for: JOHN COLONNA
DEBORAH MANN
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112



vs
MARK A. COLONNA - DEFENDANT

Attorney for: MARK A. COLONNA
WILLIAM K MCKINLEY
TROUBH HEISLER & PIAMPIANO
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011

SUPERIOR COURT
CUMBERLAND, ss.
Docket No    PORSC-CV-2003-00106


DOCKET RECORD

Filing Document: COMPLAINT                          Minor Case Type: CONTRACT
Filing Date: 02/21/2003

## Docket Events:

02/21/2003 FILING DOCUMENT - COMPLAINT FILED ON 02/21/2003

02/21/2003 Party(s):  HERBERT SCHWARTZ
           ATTORNEY - RETAINED ENTERED ON 02/21/2003
           Plaintiff's Attorney: DEBORAH MANN

           Party(s):  JOHN COLONNA
           ATTORNEY - RETAINED ENTERED ON 02/21/2003
           Plaintiff's Attorney: DEBORAH MANN

02/21/2003 Party(s):  HERBERT SCHWARTZ
           MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 02/21/2003
           WITH AFFIDAVITS OF HERBERT SCHWARTZ AND DEBORAH M. MANN, ESQ. IN SUPPORT OF EX PARTE
           MOTION FOR ATTACHMENT AND TRUSTEE PROCESS, AND PROPOSED ORDER

02/24/2003 Party(s):  HERBERT SCHWARTZ
           MOTION - EX PARTE ATTACH/TRUSTEE PROC GRANTED ON 02/24/2003
           ROBERT E CROWLEY , JUSTICE

02/24/2003 ORDER - COURT ORDER ENTERED ON 02/24/2003
           ROBERT E CROWLEY , JUSTICE
           IT IS HEREBY ORDERED THAT THE ATTACHMENT AND TRUSTEE PROCESS IN THE AMOUNT OF $118,000

SHALL BE APPROVED AGAINST THE ACCOUNTS AND PROPERTY, REAL OR PERSONAL OF DEFENDANT, MARK A. COLONNA.   2-24-03   COPY MAILED TO DEBORAH MANN ESQ

02/26/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
          WRIT - WRIT OF ATTACHMENT ISSUED ON 02/26/2003
          AGAINST DEFENDANT.

02/28/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 02/28/2003
          BANGOR SAVINGS BANK DATED FEBRUARY 24, 2003. WE HAVE FOUND NO ACCOUNTS NOR DO WE POSSESS
          ANY PROPERTY IN THE NAME OF THE DEFENDANT, MARK A. COLONNA.

03/03/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/03/2003
          OF SACO & BIDDEFORD SAVINGS INSTITUTION

03/03/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/03/2003
          OF PEOPLE'S HERITAGE BANK

03/04/2003 Party(s):  MARK A. COLONNA
          OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/04/2003
          OF NORWAY SAVINGS BANK.

03/04/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/04/2003
          OF GORHAM SAVINGS BANK.

03/04/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
          SUMMONS/SERVICE - SUMMONS TO TRUSTEE FILED ON 03/04/2003

03/04/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
          SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 02/27/2003
          UPON GORHAM SAVING BANK.

03/05/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/05/2003
          OF MAINE BANK & TRUST CO.

03/05/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/05/2003
          OF ANDROSCOGGIN SAVINGS BANK

03/10/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/10/2003
          OF FLEET NATIONAL BANK

03/10/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/10/2003
          OF MECHANICS SAVINGS BANK

03/11/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/11/2003
          KEYBANK NATIONAL ASSOCIATION

03/12/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/12/2003
          CAMDEN NATIONAL BANK WITH ATTACHMENTS

03/14/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/14/2003
          CITIZENS BANK OF NEW HAMPSHIRE

03/19/2003 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 03/19/2003

Printed on: 03/04/2004

BATH SAVINGS INSTITUTION, TRUSTEE. (ENTRY OF APPEARANCE OF JUDY A. S. METCALF,ESQ.)

03/31/2003 Party(s):  HERBERT SCHWARTZ
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/31/2003

03/31/2003 Party(s):  HERBERT SCHWARTZ
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/27/2003
UPON DEFENDANT, MARK COLONNA.

04/09/2003 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 04/09/2003
THOMAS E HUMPHREY , JUSTICE

04/16/2003 ORDER - SCHEDULING ORDER ENTERED ON 04/16/2003
THOMAS E HUMPHREY , JUSTICE
DISCOVERY DEADLINE IS DECEMBER 16, 2003. ON 04-16-03 COPIES MAILED TO MARK COLONNA AT 82
SAUGUS STREET, PORTLAND, MAINE   04101 AN DEBORAH MANN, ESQ.

04/22/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 04/22/2003
AGAINST DEFENDANT, MARK A. COLONNA.                                         PLAINTIFFS'
APPLICATION TO THE COURT FOR DEFAULT JUDGMENT AGAINST DEFENDANTMARK COLONNA WITH
SUPPORTING AFFIDAVIT: AFFIDAVIT IN SUPPORT OF APPLICATION TO THE COURT FOR ENTRY OF
DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT.

04/22/2003 ORDER - DEFAULT ENTERED ON 02/22/2003
ALINE  DUPONT , ASSISTANT CLERK (ADVANCED)
AGAINST DEFENDANT, MARK A COLONNA. ON 04-22-03 COPIES MAILED TO DEBORAH MANN, ESQ. AND
MARK COLONNA AT  82 SANGUS STREET, PORTLAND, ME 04101

04/24/2003 Party(s):  MARK A. COLONNA
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 04/24/2003
MARK A COLONNA

04/24/2003 Party(s):  MARK A. COLONNA
ATTORNEY - RETAINED ENTERED ON 04/24/2003
Defendant's Attorney: WILLIAM K MCKINLEY

05/14/2003 Party(s):  JOHN COLONNA
RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 05/14/2003
OF DEFENDANT JOHN COLONNA.

05/14/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
LETTER - FROM PARTY FILED ON 05/14/2003
THOMAS E HUMPHREY , JUSTICE
LETTER FROM PLAINTIFFS ATTORNEY STATING:  PLAINTIFFS REQUEST THE COURT TO SET ASIDE THE
DEFAULT THAT WAS ENTERED IN THIS MATTER ON 04-22-03.  DEFENDANT HAS NO OBJECTION TO THIS
REQUEST.                                          6-4-03 THE REQUEST TO SET ASIDE DEFAULT IS
GRANTED.

05/15/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/15/2003
AMENDED NOTICE OF DEPOSITION OF MARK A. COLONNA SERVED ON WILLIAM MCKINLEY ESQ ON 5-14-03

06/05/2003 ORDER - DEFAULT VACATED ON 06/04/2003
THOMAS E HUMPHREY , JUSTICE
(SEE LETTER RECEIVED 5-14-03)  THE REQUEST TO SET ASIDE DEFAULT IS GRANTED. COPY MAILED TO
DEBORAH MANN AND WILLIAM MCKINLEY ESQ

07/14/2003 ORDER - ORDER FAIL FILE ADR NOTICE ENTERED ON 07/11/2003
THOMAS E HUMPHREY , JUSTICE
THE PLAINTIFF HAS FAILED TO NOTIFY THE COURT OF THE ADR PROCESS SELECTED, THE NAME OF THE
NEUTRAL AND THE TIME AND PLACE FOR THE ADR CONFERENCE. A SANCTION IN THE AMOUNT OF $75.00
IS IMPOSED AGAINST PLAINTIFF. THIS AMOUNT IS TO BE PAID TO THE CLERK'S OFFICE FORTHWITH.
THIS CASE WILL BE DISMISSED WITH PREJUDICE UNLESS THE PLAINTIFF NOTIFIES THE COURT OF THE
ADR PROCESS, THE NAME OF THE NEUTRAL AND THE TIME AND PLACE FOR THE ADR CONFERENCE, OR OF
TH EPARITES' FAILURE TO REACH AGREEMENT ON ANY OR  ALL OF THESE MATTERS, WITHIN 15 DAYS.
ON 7-14-03 COPIES MAILED TO DEBORAH MANN AND WILLIAM MCKINLEY, ESQS.

07/23/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
NOTE - OTHER CASE NOTE ENTERED ON 07/23/2003
$75.00 ADR SANCTION FEE PAID BY PLAINTIFF.

07/25/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 07/25/2003
FROM DEBORAH MANN ESQ WITH ATTACHMENTS

07/28/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/28/2003
PLAINTIFFS, SCHWARTZ AND COLONNA MOTION FOR EXTENSION OF TIME TO COMPLETE ALTERNATE
DISPUTE RESOLUTION.

07/30/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/30/2003
THOMAS E HUMPHREY , JUSTICE
THE COURT HEREBY EXTENDS THE TIME FOR THE ADR CONFERENCE IN THIS MATTER TO AUGUST 27, 2003
AND THE TIME FOR SUBMISSION OF THE ADR REPORT TO SEPTEMBER 8, 2003. ON 07-30-03 COPIES
MAILED TO WILLIAM MCKINLEY ESQ. AN DEBORAH MANN, ESQ.

08/04/2003 HEARING - OTHER HEARING HELD ON 08/01/2003
THOMAS E HUMPHREY , JUSTICE
COURT FINDINGS OR RULINGS: THE ENTRY WILL BE: ATTY MANN TO PREPARE AGREED UPON ORDER. ON
08-04-03 COPIES MAILED TO DEBORAH MANN, ESQ. AND WILLIAM MCKINLEY, ESQ.

08/04/2003 ORDER - COURT ORDER ENTERED ON 08/04/2003
THOMAS E HUMPHREY , JUSTICE
ORDER ON DISCOVERY DISPUTE: HEARING WAS HELD BY TELEPHONE ON JULY 31, 2003, UPON THE
REQUEST OF PLAINTIFFS, DUE TO DEFENDANT'S FAILURE TO PRODUCE CERTAIN DOCUMENTS AND CASH
INTO AN ESCROW ACCOUNT AS AGREED. THE PARTIES AGREE, AN DTHE COURT ORDERS, THAT DEFENDANT
WILL PRODUCE TO WILLIAM MCKINLEY, COUNSEL FOR DEFENDANT THE FOLLOWING DOCUMENTS AND THINGS
BY AUGUST 15, 2003, WHICH ARE WITHIN THE POSSESSION, CUSTODY OR CONTROL OF DEFENDANT AS
THOSE TERMS ARE USED IN M.R.CIV.P. 34(A): 1. A COPY OF THE  ACCOUNTING OF THE INCURRED
EXPENSES RELATING TO 926 FOREST AVENUE; 2. A COPY OF THE RECEIPT FOR THE OIL TANK; 3.
RECORDS RELATING TO THE SALE OF THE PROPERTIES ON MILTON AVE.,. WASHINGTON AVE., BRAMHALL
STREET AND THE HARRY BAKER CONDOMINIUM; 4. RECORDS RELATIONG TO MARK COLONNA'S
UNEMPLOYMENT BENEFITS AND  HIS EMPLOYMENT AT THE FRAME  SHOP (OTHER THAN THE W-2S FOR
2000, 2001 AND 2002) 5. JOHN COLONNA'S WILL OR OTHER DOCUMENTS SHOWING THE FRAME SHOP

Page  4  of 10

Printed on: 03/04/2004

GOING TO MARK COLONNA AFTER JOHN'S DEATH. IN ADDITION, THE PARTIES AGREE, AND THE COURT ORDERS, THAT DEFENDANT WILL PRODUCE TO WILLIAM MCKINLEY, COUNSEL FOR DEFENDANT THE FOLLOWING DOCUMENTS AND THINGS BY AUGUST 15, 2003. 1. A RELEASE AUTHORIZING PLAINTIFFS TO OBTAIN BANK STATEMENTS FROM THE NOW CLOSED KEY BANK ACCOUNT, THE TOWN AND COUNTRY ACCOUNT, AND THE KEY BANK LINE OF CREDIT SECURED BY THE FOREST AVENUE PROPERTY; 2. FROM DEWOLFE, THE NAME OF THE BROKER WHO HANDLED THE LISTING AGREEMENT ON THE FOREST AVENUE PROPERTY; 3. FROM STEWART TITLE, COPIES OF THE CLOSING STATEMETN AND RELATED DOCUMENTS CONCERNING THE PURCHASE OF 926 FOREST AVENUE IN ADDITION, DEFENDANT MUST DELIVER ALL REMAINING PROCEEDS FROM THE TRANSACTIONS THAT ARE THE SUBJECT MATTER OF THIS DISPUTE TO WILLIAM MCKINLEY NO LATER THAN AUGUST 15, 2003, TO BE HELD IN ESCROW PENDING THE RESOLUTION OF THIS MATTER. ALL INFORMATION AND FUNDS MUST BE PRODUCED BY AUGUST 15, 2003. ANY FAILURE TO COMPLY STRICTLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS AS ALLOWED BY THIS COURT. ON 08-04-03 COPIES MAILED TO WILLIAM MCKINLEY, ESQ. AND DEBORAH MANN, ESQ.

09/04/2003 LETTER - FROM NON-PARTY FILED ON 09/03/2003
FROM PETER DETROY, ESQ. STATING A MEDIATION SESSION WAS HELD BEFORE ON AUGUST 27 IN THIS MATTER. IT APPEARS THERE MAY BE POTENTIAL FOR ADDITIONAL PROGESS IF A NON-PARTY IS BROUGHT TO THE NEGOTIATING TABLE. HE ANTICIPATE THIS MAY TAKE SEVERAL WEEKS AND I HAVE ASKED THE PARTIES TO GET BACK TO ME AT THAT TIME. IF IT APPEARS THERE IS POTENTIAL FOR A SUCCESSFUL RESOLUTION OF THIS CLAIM HE WILL RESUME THE MEDIATION; OTHERWISE HE WILL REPORT BACK TO THE COURT AND FILE THE ADR REPORT.

09/12/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/11/2003
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAWPLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, PROPOSED ORDER.

09/12/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - AFFIDAVIT FILED ON 09/11/2003
OF HERBERT SCHWARTZ ( IN SUPPORT OF EX PARTE MOTION FOR ATTACHMENT AND TRUSTEE PROCESS.

09/12/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - AFFIDAVIT FILED ON 09/11/2003
AFFIDAVIT OF JOHN COLONNA WITH EXHIBIT A.

09/12/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - AFFIDAVIT FILED ON 09/11/2003
OF BRENDAN P. RIELLY, ESQ. WITH EXHIBITS A THRU D.

10/03/2003 Party(s):  MARK A. COLONNA
RESPONSIVE PLEADING - RESPONSE FILED ON 10/03/2003
DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT WITH AFFIDAVIT OF MARK COLONNA AND STATEMENT OF FACTS PURSUANT TO MRCIVP 56(H), FILED. (ST)

10/10/2003 HEARING - 26(G) CONFERENCE HELD ON 10/06/2003
THOMAS E HUMPHREY , JUSTICE
COURT FINDINGS OR RULINGS; THE ENTRY WILL BE: DEBORAH MANN WILL PREPARE ORDER; DEBORAH MANN, ESQ. PRESENT FOR PLAINTIFF; WILLIAM MCKINLEY, ESQ. PRESENT FOR DEFENDANT. ON 10-10-03 COPIES MAILED TO DEBORAH MANN, ESQ. AND WILLIAM MCKINLEY, ESQ.

10/14/2003 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - REPLY MEMORANDUM FILED ON 10/10/2003

PLAINTIFF'S REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. (LLS)

10/14/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - REPLY MEMORANDUM FILED ON 10/10/2003
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. (LLS)

10/15/2003 ORDER - COURT ORDER ENTERED ON 10/10/2003
THOMAS E HUMPHREY , JUSTICE
THE COURT ORDERS THAT DEFENDANT MARK COLONNA WILL PRODUCE TO WILLIAM MCKINLEY COUNSEL FOR DEFENDAT, THE KEY TO THE SAFE DEPOSIT BOX HELD BY M,ARK COLONNA AT KEYBANK NATIONAL ASSOCIATION, BY WEDNESDAY 10-15-03. THE BOX MAY BE OPENED AND COUNSEL MAY INVENTORY ITS CONTENTS AT ANY TIME THEREAFTER. ANY PARTY MAY VIEW THAT PROCESS. HOWEVER THE PARTIES ARE PROHIBITED FROM COMMUNICATING WITH EACH OTHER BUT MAY ONLY CONFER PRIVATELY WITH THEIR RESPECTIVE COUNSEL DURING THAT PROCESS. ANY FAILURE TO COMPLY STRICTLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS AS ALLOWED BY THIS COURT. COPY MAILED TO DEBORAH MANN AND WILLIAM MCKINLEY, ESQUIRES.

10/23/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO TESTIFY FILED ON 10/22/2003

10/23/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 10/15/2003
UPON CHERYL ANN COLONNA. (LLS)

10/31/2003 HEARING - OTHER HEARING HELD ON 10/30/2003
THOMAS E HUMPHREY , JUSTICE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT. COURT TAKES MATTER UNDER ADVISEMENT. NO RECORD MADE.
DEBORAH MANN, ESQ. PRESENT
FOR PLAINTIFF.
WILLIAM MCKINLEY, ESQ. PRESENT FOR
DEFENDANT.

11/03/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE FILED ON 10/31/2003
WITH EXHIBIT A. (LLS)

11/03/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE SERVED ON 10/29/2003
UPON DIMILLO'S OLD PORT YACHT SALES, INC. TO THE CLERK OF THE CORPORATION, DAVID CURRIER. (LLS)

11/03/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE FILED ON 10/31/2003
WITH EXHIBIT A. (LLS)

11/03/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE SERVED ON 10/31/2003
UPON CHRISTOPHER DIMILLO ENTERPRISES TO THE CLERK OF THE CORPORATION DAVID CURRIER. (LLS)

11/03/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/31/2003
PLAINTIFF'S SUBPOENA TO PRODUCE AND PERMIT INSPECTION AND COPYING UPON DIMILLO'S OLD PORT YACHT SALES, INC. AND ON CHRISTOPHER DIMILLO ENTERPRISES, INC. SERVED ON WILLIAM MCKINLEY

10-30-03. (LLS)

11/07/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/07/2003
PLAINTIFF'S NOTICE OF DEPOSITION OF CHERYL COLONNA SERVED ON JOHN BASS 11-06-03. (LLS)

11/25/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE FILED ON 11/25/2003

11/25/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
SUBPOENA - SUBPOENA TO PRODUCE EVIDENCE SERVED ON 11/21/2003
UPON NORWAY SAVINGS BANK TO HOLLY YOUNG EXEC. VICE PRESIDENT OF NORWAY SAVINGS BANK.
(LLS)

11/26/2003 Party(s): MARK A. COLONNA
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/26/2003
DEFENDANT MARK COLONNA NOTICE TO TAKE THE DEPOSITION OF HERBERT SCHWARTZ AND JOHN COLONNA
SERVED ON DEBORAH MANN ON 11-25-03.

12/31/2003 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 10/30/2003
THOMAS E HUMPHREY , JUSTICE

01/02/2004 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/02/2003
3 DAYS ESTIMATED

01/02/2004 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 01/02/2004
OF PLAINTIFFS, HERBERT SCHWARTZ AND JOHN COLONNA (GA)

01/05/2004 Party(s): MARK A. COLONNA
OTHER FILING - EXHIBIT LIST FILED ON 01/05/2004
OF DEFENDANT (GA)

01/05/2004 Party(s): MARK A. COLONNA
OTHER FILING - WITNESS LIST FILED ON 01/05/2004
OF DEFENDANT (GA)

01/05/2004 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/05/2004
OF DEFENDANT FOR 2 DAYS (GA)

01/07/2004 Party(s): HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION SUMMARY JUDGMENT OTHER DECISION ON 01/07/2004
THOMAS E HUMPHREY , JUSTICE
PLS GO TO COURT ORDER DATED 1/07/04.(AD)

01/07/2004 ORDER - COURT ORDER ENTERED ON 01/07/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS ORDER ON THE CIVIL DOCKET
BY A NOTATION INCORPORATING IT BY REFERENCE, AND THE ENTRY IS A. AS TO COUNTS I, IV, AND V
OF PLAINTIFFS' COMPLAINT, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS DENIED. B. AS TO
COUNT II OF PLAINTIFFS' COMPLAINT, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS (I)GRANTED
AS TO THE CLAIM OF PLAINTIFF HERBERT SCHWARTZ FOR THE RETURN OF HIS CAPITAL CONTRIBUTION

OF $37,500; (II)GRANTED AS TO THE CLAIM OF PLAINTIFF, JOHN COLONNA FOR THE RETURN OF HIS CAPITAL CONTRIBUTION OF $67,500; (IV)GRANTED ON THE ISSUE OF LIABILITY WITH RESPECT TO THE CLAIM OF PLAINTIFF JOHN COLONNA FOR ONE-THIRD OF THE PROFITS FROM THE SALE OF THE PARTNERSHIP PROPERTY; BUT (V)DENIED WITH RESPECT TO THE CLAIM OF THE PLAINTIFF, HERBERT SCHWARTZ FOR ONE-THIRD OF THE PROFITS FROM THE SALE OF THE PARTNERSHIP PROPERTY; C. AS TO COUNT III OF PLAINTIFFS' COMPLAINT, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS DENIED AS TO PLAINTIFFS, BUT GRANTED IN FAVOR OF DEFENDANT. D. AS TO COUNTS I AND II OF DEFENDANT'S COUNTERCLAIMS, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS GRANTED. ON 01-07-04 COPIES MAILED TO DEBORAH MANN, ESQ. AND WILLIAM MCKINLEY, ESQ.

01/15/2004 ORDER - FINAL PRETRIAL ORDER ENTERED ON 01/06/2004
THOMAS E HUMPHREY , JUSTICE
RULE 16(B) PRETRIAL ORDER ENTERED. ON 01-07-04 COPIES MAILED TO DEBORAH MANN AND WILLIAM MCKINLEY, ESQS.

01/15/2004 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 01/12/2004
PLAINTIFFS, SCHWQARTZ AND COLONNA MOTION TO AMEND OR ALTER PRETRIAL ORDER. (AD).

01/15/2004 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 01/15/2004
THOMAS E HUMPHREY , JUSTICE
THE MOTION OF PLAINTIFFS, HERBERT SCHWARTZ AND JOHN COLONNA TO ALTER OR AMEND THE COURT'S PRETRIAL ORDER DATED JANUARY 6, 2004, IS HEREBY GRANTED, ALLOWING PLAINTIFFS AN EXTENSION OF TIME UNTIL JANUARY 19, 2004 WITHIN WHICH TO SUBMIT A SETTLEMENT DEMAND TO DEFENDANT. (AD) ON 01-15-04 COPIES MAILED TO DEBORAH MANN AND WILLIAM MCKINLEY, ESQS.

01/15/2004 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED ON 01/15/2004
DEBORAH M. MANN REQUEST PERMISSION TO WITHDRAW AS COUNSEL FOR PLAINTIFF, HERBERT SCHWARTZ AND JOHN COLONNA. (AD).

01/20/2004 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 01/16/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO RULE 79(A), M.R.CIV.P., THE CLERK SHALL INCORPORATE IN THIS ORDER INTO THE DOCKET BY REFERENCE. (AD) ON 01-20-04 COPIES MAILED TO WILLIAM MCKINLEY, DEBORAH MANN, JOHN COLONNA, AT 5 STARBOARD LANE, CUMBERLAND FORESIDE, MAINE 04110 AND HERBERT SCHWARTZ AT P.O. BOX 979, PORTLAND, MAINE 04104-0979.

01/20/2004 Party(s):  HERBERT SCHWARTZ
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/20/2004
PLAINTIFF'S NOTICE OF APPEARANCE SETTLEMENT DEMAND WITNESS LIST SERVED ON WILLIAM MCKINLEY 01-17-04.  (LLS)

01/20/2004 Party(s):  HERBERT SCHWARTZ,JOHN COLONNA
OTHER FILING - WITNESS LIST FILED ON 01/20/2004
PLAINTIFF'S WITNESS LIST.  (LLS)

01/21/2004 Party(s):  HERBERT SCHWARTZ
ATTORNEY - WITHDRAWN ORDERED ON 01/21/2004
Plaintiff's Attorney: DEBORAH MANN

01/21/2004 Party(s):   HERBERT SCHWARTZ,JOHN COLONNA
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 01/20/2004
          ENTRY OF APPEARANCE OF HERBERT SCHWARTZ AND JOHN COLONNA AS PROSE

01/21/2004 Party(s):   HERBERT SCHWARTZ,JOHN COLONNA
          OTHER FILING - OTHER DOCUMENT FILED ON 01/20/2004
          PLAINTIFF'S SETTLEMENT DEMAND: NOW COMES THE PLAINTIFFS IN THIS MATTER AND DEMAND OF THE
          DEFENDANT THE FOLLOWING SETTLEMENT OF THE PENDING ACTION: 1. THE DEFENDANT ACKNOWLEDGES
          THAT HIS IS INDEBTED TO THE PLS' IN THE FULL AMOUNT OF $118,000.00 2. THAT THE DEFENDANT
          IMMEDIATELY PAY TO THE PLAINTIFFS THE SUM OF $118,000.00. (AD)

01/23/2004 OTHER FILING - OTHER DOCUMENT FILED ON 01/23/2004
          WITNESS SUBPOENA FOR INSPECTION TO PAUL LAMONTAGNE

01/23/2004 OTHER FILING - OTHER DOCUMENT FILED ON 01/23/2004
          WITNESS SUBPOENA FOR INSPECTION TO CRYSTAL LAMONTAGNE   (DC)

01/29/2004 Party(s):   HERBERT SCHWARTZ,JOHN COLONNA
          LETTER - FROM PARTY FILED ON 01/22/2004
          COPY OF LETTER FROM DEBORAH MANN, ESQ. WITH ATTACHMENT TO HERBERT SCHWATZ AND MARK COLONNA
          AS TO COURT ORDER DATED JANUARY 16, 2004. (AD).

03/03/2004 Party(s):   HERBERT SCHWARTZ,JOHN COLONNA
          OTHER FILING - AFFIDAVIT FILED ON 03/02/2004
          OF DEBORAHM. MANN, ESQ. WITH ATTACHMENTS. AD

03/04/2004 TRIAL - BENCH HELD ON 03/01/2004
          THOMAS E HUMPHREY , JUSTICE
          NON-JURY TRIAL BEGINS. OPENING STATEMENT BY BOTH COUNSEL; PLAINTIFFS' TESTIMONY BEGINS.
          PLAINTIFFS' REST. DEFENDANT MOVES FOR JUDGMENT AS MATTER OF LAW. MOTION DENIED ORALLY BY
          JUSTICE HUMPHREY. CLOSING ARGUMENTS BY BOTH COUNSEL. COUNT TAKES MATER UNDER ADVISEMENT.
                              HERBERT SCHWARTZ AND JOHN COLONNA: PROSES.
                    WILLIAM MCKINLEY PRESENT FOR DEFENDANT.

03/04/2004 NOTE - OTHER CASE NOTE ENTERED ON 03/01/2004
          ALL EXHIIBTS FILED ON EXHIBIT SHEET IN FILE. AD

03/04/2004 FINDING - JUDGMENT DETERMINATION ENTERED ON 03/03/2004
          THOMAS E HUMPHREY , JUSTICE
          PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE
          CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE, AND THE ENTRY IS JUDGMENT FOR
          PLAINTIFFS ON COUNTS, I, II AND V OF PLAINTIFFS' COMPLAINT, AS FOLLOWS: (A) PLAINTIFF
          HERBERT SCHWARTZ IS AWARDED COMPENSATORY DAMAGES OF $42,382.42, TOGETHER WITH PREJUDGMENT
          INTEREST AT THE RATE OF 2.53%, AND POST-JUDGMENT INTEREST AT THE RATE OF 7.28%;(B)
          PLAINTIFF JOHN COLONNA IS AWARDED COMPENSATORY DAMAGES OF

03/04/2004 ORDER - COURT JUDGMENT ENTERED ON 03/03/2004
          THOMAS E HUMPHREY , JUSTICE
          PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE
          CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE, AND THE ENTRY IS JUDGMENT FOR
          PLAINTIFFS ON COUNTS, I, II AND V OF PLAINTIFFS' COMPLAINT, AS FOLLOWS: (A) PLAINTIFF
          HERBERT SCHWARTZ IS AWARDED COMPENSATORY DAMAGES OF $42,382.42, TOGETHER WITH PREJUDGMENT
          INTEREST AT THE RATE OF 2.53%, AND POST-JUDGMENT INTEREST AT THE RATE OF 7.28%;(B)

PLAINTIFF JOHN COLONNA IS AWARDED COMPENSATORY DAMAGES OF OF $72,382.42, TOGETHER WITH PREJUDGMENT INTEREST AT THE REATE OF 2.53%, AND POST-JUDGMENT INTEREST AT THE RATE OF 7.28%; (C) PLAINTIFFS ARE AWARDED THEIR COSTS OF THIS ACTION; AND (D) PLAINTIFFS SHALL ALSO BE AWARDED THEIR REASONABLE ATTORNEY'S FEES IN THIS ACTION, AS FOLLOWS: 1) PLAINTIFFS SHALL HAVE UNTIL MARCH 15, 2004;TO FILE AND EXCHANGE AN APPROPRIATE ATTORNEY'S FEES AFFIDAVIT; 2) DEFENDANT SHALL HAVE MARCH 30, 2004, TO FILE AND EXCHANGE A WRITTEN OBJECTION TO THE REASONABLENESS OF SUCH ATTORNEY'S FEES; 3) THEREAFTER, THE COURT SHALL DETERMINE THE AMOUNT OF REASONABLE ATTORNEY'S FEES TO BE AWARDED TO PLAINTIFF AND UNLESS OTHERWISE ORDERED BY THE COURT, SUCH DETERMINATION SHALL BE MADE WITHOUT FURTHER NOTICE OR HEARING. ON 03-04-04 COPIES MAILED TO HERBERT SCHWARTZ AND JOHN COLONNA AT P.O. BOX 979, PORTLAND, MAINE 04104; JOHN COLONNA AT 5 STARBOARD LANE, CUMBERLAND FORESIDE, ME 04110, WILLIAM MCKINLEY, ESQ.

Judgment entered for HERBERT SCHWARTZ, JOHN COLONNA and against MARK A. COLONNA in the amount of $114764.84.

A TRUE COPY
ATTEST: _____
                    Clerk