**Salvadore CHIAPPETTA**

v.

**Joseph LeBLOND, et al.**

Supreme Judicial Court of Maine.

Argued June 7, 1988.

Decided July 29, 1988.

Salvadore Chiappetta, Scarborough (orally), pro se.

Matthew J. Monaghan (orally), Kevin G. Libby, Monaghan, Leahy, Hochadel & Libby, Portland, for defendants.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Salvadore Chiappetta, appeals from an order of the Superior Court, York County, imposing sanctions of $175 upon him for his failure to negotiate in good faith a settlement of his case with defendants. Finding an abuse of discretion in its imposition, we vacate the order.

This dispute arose when Chiappetta's television set was left at the TV repair shop in Biddeford owned by the defendants, Joseph and Adrian LeBlond, and a disagreement resulted concerning its repair.

Chiappetta brought suit in the Superior Court against the LeBlonds pressing claims of breach of contract, conversion and assault. At a trial in 1984, the trial justice directed a verdict against Chiappetta on his breach of contract and conversion claims, and a jury found no assault to have been committed. Chiappetta appealed from that judgment and we sustained his appeal as to his claim for conversion. *Chiappetta v. LeBlond,* 505 A.2d 783 (Me.1986).

On remand, a second trial on the issue of whether the LeBlonds had converted Chiappetta's television set was conducted by the same justice who presided at the first trial.

■ Acknowledging that $200 would be the maximum amount of compensatory damages to which he would be entitled, Chiappetta declined an offer in that amount from the LeBlonds. At a pretrial conference on the Friday before Monday's trial, the trial justice attempted to persuade Chiappetta to accept the offer and reminded Chiappetta and his counsel of the high burden of proof applicable to the claim against the LeBlonds for punitive damages.[1]

After a brief trial, the jury deliberated for 15 minutes and returned a verdict for the LeBlonds, rejecting Chiappetta's claims for compensatory and punitive damages.

Finding that the plaintiff's refusal of the $200 offer was unreasonable, the trial justice assessed costs of $175[2] against Chiappetta and his counsel as a sanction for their "failure to participate in settlement discussions in good faith."[3] After Chiappetta's motion to reconsider the sanctions was denied, Chiappetta filed this appeal of the sanction order.[4]

■ Contrary to Chiappetta's contentions, the trial court does possess inherent authority to sanction parties and attorneys for abuse of the litigation process. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *see also Phillips v. Fuller,* 524 A.2d 1221, 1222 (Me.1987); *Westbrook v. Wallace,* 478 A.2d 687, 689 (Me.1984); M.R. Civ.P. 16(f)(5). We review such action by the trial court under an abuse of discretion standard. *Reeves v. Travelers Ins. Cos.,*

---

1. In order to recover punitive damages, a plaintiff is required to prove by clear and convincing evidence, i.e., to a high probability, that the defendant's conduct was expressly or impliedly malicious. *Tuttle v. Raymond,* 494 A.2d 1353, 1361–64 (Me.1985).

2. The $175 represents the $20 paid to each of the eight jurors for the one day trial, plus the jurors' mileage.

3. The trial justice also found that Chiappetta was "motivated by ill feelings towards the defendants and a desire to cause them embarrass-

ment" and that he "utilize[d] the court and trial process to publicly speak out and make disparaging remarks concerning attorneys and the practice of law in general." However, the sanction was based on the failure to negotiate in good faith, and in any event, Chiappetta's improper motives and abuse of process are not so apparent in the record as to support the imposition of sanctions. *See Willis v. RCA Corp.,* 12 Ohio App.3d 1, 465 N.E.2d 924, 926 (1983).

4. Chiappetta's counsel, against whom the sanction was also imposed, did not join in this appeal.

421 A.2d 47, 50 (Me.1980). Such authority should be sparingly used and sanctions imposed only when the abuse of the process by parties or counsel is clear. *Westbrook,* 478 A.2d at 689–90. Although the court cannot force a settlement on the parties, *Kothe v. Smith,* 771 F.2d 667 (2d Cir.1985), the failure to negotiate in good faith may lead to an abuse of the litigation process and be sanctionable.

█ In this case, the trial justice urged Chiappetta's acceptance of a $200 offer, but gave no indication at that time that he would consider a refusal to accept the offer as a failure to negotiate in good faith. Although Chiappetta's claim ultimately was rejected, the refusal to accept the offer must be judged as of the time the offer was made. At that time, although his counsel was unable to represent that Chiappetta's claim for compensatory damages had any value above the offered amount, Chiappetta's claim for punitive damages, with a potential value well in excess of the compensatory damage claim, was pending. The refusal of Chiappetta to accept an offer of $200 when his claim for punitive damages was still pending cannot be said to constitute a failure to negotiate in good faith, and the imposition of sanctions against him in this case constitutes an abuse of discretion.

The entry is:

Order of sanctions imposed against plaintiff Chiappetta vacated.

All concurring.