2001 ME 26

**John BAKER**

v.

**David L. MANTER and Roberta J. Manter.**[1]

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 21, 2000.

Decided Jan. 31, 2001.

**1.** The Manters were previously before the Law Court on a related issue in *Town of Fayette v. Manter,* 528 A.2d 887 (Me.1987), *cert. denied,* 485 U.S. 937, 108 S.Ct. 1116, 99 L.Ed.2d 276 (1988) (finding that the Young Road is a public easement); *See also Manter v. Town of Fayette,* 556 A.2d 665 (Me.1989), *cert. denied,* 493 U.S. 939, 110 S.Ct. 337, 107 L.Ed.2d 326 (1989).

Jed Davis, Esq., Jim Mitchell and Jed David, P.A., Augusta, for plaintiff.

Stephen C. Whiting, Esq., The Whiting Law Firm, P.A., Portland, for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] David and Roberta Manter appeal from the Superior Court's (Kennebec, *Marden, J.*) award of $18,208.06 in attorney fees to John Baker. The Manters argue, *inter alia*, that given the American Rule, there is no legal basis for awarding Baker attorney fees.[2] We agree and vacate the award of attorney fees.

## I. BACKGROUND

[¶ 2] John Baker brought a suit seeking, *inter alia*, preliminary and permanent injunctions enjoining the Manters from interfering with his and the public's use of the Young Road, other and further relief as the court deemed appropriate, his costs, and punitive damages.

[¶ 3] In response to Baker's complaint, the Manters filed counterclaims against Baker alleging that Baker and his logging trucks harmed the Manters by using the whole, but maintaining only a portion, of the Young Road.

[¶ 4] The court granted Baker's motion for a summary judgment and ordered that "Defendants David L. Manter and Roberta J. Manter, all of their agents, servants, employees and attorneys, and all persons in active concert or participation with them, are permanently enjoined from taking any action which interferes in any way with John Baker's and the public's use of the Young Road . . . ."

[¶ 5] The Manters live on the southerly end of the Young Road. Baker owns woodlots a short distance northerly from the Manters, and prefers to access his lots via the southerly end of the Young Road. The southerly portion of the Young Road has been rebuilt by the Manters and is in a generally good condition, while the northerly portion, though it has been occasionally repaired, is not well maintained and has, at times, been used for logging traffic.

[¶ 6] The Manters assert that the southerly portion of the Young Road should not be used by Baker's heavy logging trucks because the weight of the trucks damage

---

2. The Manters also argue that the court erred in awarding attorney fees because such relief was not requested. Since we are vacating the award of attorney fees, we need not reach this issue.

the road. Baker has attempted to make repairs to the southerly portion of the road, but the Manters objected to the "manner in which the work [has been] done."

[¶ 7] In late September or early October 1997, the Manters dug a ditch, varying in depth from one to three feet, across the Young Road. The court found that "the ditch was dug by [the Manters] ostensibly for the purposes of installing a culvert." The Manters did not install a culvert, nor did they erect signs or place warning devices to notify others of the ditch. Moreover, the Manters admitted that they were aware that the ditch would obstruct traffic on the Young Road.

[¶ 8] Seeing the pile of dirt and attempting to avoid it, Baker drove his truck through another portion of the ditch, which he had not seen, resulting in immediate damage to the truck. Baker discovered other damage to the truck during the month following the accident. Baker subsequently had the ditch filled in, but the Manters, or their daughter, dug it out. It was left unfilled until the following spring.

[¶ 9] The court noted that, throughout the history between the parties, the Manters have denied the validity of the rights of others to use the Young Road and that the Manters' behavior toward Baker has been outrageous and malicious. The court further stated that,

> it was necessary for [Baker] to undertake this action and undertake these expenses in prosecuting this litigation in order to attempt to bring some finality in the relationship between he and the [Manters]. It is clear that the expenses of litigation as represented by attorney's fees and other costs are the direct result of the outrageous behavior of the defendants.

[¶ 10] The court awarded Baker $5,000 in punitive damages, $1,186.15 for damages to his truck, and attorney fees in the amount of $18,208.06.

[¶ 11] On appeal, the Manters contest the award of attorney fees.[3]

## II. DISCUSSION

[¶ 12] The Manters argue that the Superior Court erred in awarding Baker attorney fees. Baker asserts that it was within the Superior Court's "inherent authority" to sanction the Manter's conduct by awarding attorney fees. Whether the court was authorized to award attorney fees to Baker is a question of law. *Linscott v. Foy*, 1998 ME 206, ¶ 16, 716 A.2d 1017, 1021 (citing *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1354 (Me. 1996)).

[¶ 13] A court's authority to award attorney fees "may be determined by statute, by the 'American Rule' at common law [which] generally prohibits taxing the losing party in litigation with a successful opponent's attorney fees, or by certain recognized common law authorizations of attorney fees." *Id.* "Although the prevailing party is not ordinarily entitled to an award of attorney fees, courts may award fees as damages for certain egregious conduct[,]" *id.* (citation omitted), and for some kinds of tortious conduct, *Murphy v. Murphy*, 1997 ME 103, ¶ 15, 694 A.2d 932, 935. *See also Chiappetta v. LeBlond*, 544 A.2d 759, 760 (Me.1988) (holding that trial court possess inherent authority to sanction parties and attorneys for abuse of the litigation process).

[¶ 14] Because of the "American Rule," trial "courts should exercise their inherent authority to award attorney fees as a sanction only in the most extraordinary circumstances." *Linscott v. Foy*, 1998 ME 206, ¶ 17, 716 A.2d 1017, 1021. The trial court's authority to sanction parties and attorneys for abuse of the litigation process "should be sparingly used and

---

3. We address only those issues that are properly before the court and will not address any of the issues raised in the appellant's supplemental *pro se* brief which were not only improperly raised, but are meritless.

sanctions imposed only when the *abuse of process* by parties or counsel is clear." *Chiappetta v. LeBlond*, 544 A.2d 759, 761 (Me.1988) (emphasis added).

[¶ 15] While the record clearly establishes that the Manters' behavior toward Baker has, at times, been malicious and outrageous, such behavior does not, without more, merit the award of attorney fees. Baker argues that this case is analogous to *Linscott v. Foy*, 1998 ME 206, 716 A.2d 1017. In *Linscott* we found that Foy's actions were "unquestionably egregious" because Foy repeatedly refused to comply with a final order of the court. *Id.* 1998 ME 206, ¶ 18, 716 A.2d at 1021. Foy had perpetuated the litigation by filing multiple suits in several jurisdictions, rather than complying with a valid court order compelling him to close in accordance with a settlement agreement. *Id.* 1998 ME 206, ¶ 18, 716 A.2d at 1021. Under those facts, the actions by Foy were "undertaken in bad faith and were abusive of the court and other parties, thereby providing the court with authority to consider imposition of attorney fees." *Id.*

[¶ 16] Unlike in *Linscott*, where Foy's actions were abusive of the litigation process, the Manters' actions, though egregious towards Baker, were not abusive of the litigation process. Rather, they were abusive of their neighbors. When litigants abuse the litigation process, as Foy did in the *Linscott* matter, by filing multiple frivolous lawsuits or through other litigation misconduct, the court may use its inherent power over the proceedings to sanction the miscreant by awarding attorney fees. When the litigant acts *outside of the proceedings* in contempt of the court's order, or with malice toward other parties, other remedies are available.

[¶ 17] Thus, the court erred in basing an award of attorneys fees on its inherent power, as articulated in *Linscott*. Because attorney fees may only be awarded to a prevailing party when that award is within the authority of the court, we must determine whether the court could award fees in this matter on any other basis. A court may award attorney fees based on the following:

(1) the contractual agreement of the parties, *see McTeague v. Dep't of Transp.*, 2000 ME 183, ¶ 11, 760 A.2d 619, 622;

(2) clear statutory authority, *Goodwin v. Sch. Admin. Dist. No. 35*, 1998 ME 263, ¶ 13, 721 A.2d 642, 646; or

(3) the court's inherent authority to sanction egregious conduct in a judicial proceeding, *Linscott v. Foy*, 1998 ME 206, ¶¶ 16–18, 716 A.2d 1017, 1021–22 ("courts should exercise the inherent authority to award attorney fees as a sanction only in the most extraordinary circumstances").

[¶ 18] In the context of this case it was error to base the award on *Linscott*. We are unable to determine whether the court would have entered a different punitive damage award,[4] had it been aware that it lacked authority to award attorney fees. Thus, we remand the matter to the court for reconsideration of its punitive damage award in the light of our vacation of its award of attorney fees

The entry is:

Judgment affirmed in part and vacated in part. The award of attorney fees is vacated. Remanded for reconsideration of the court's award of punitive damages.

---

4. We have consistently held in awarding punitive damages "the fact finder must weigh 'all relevant aggravating and mitigating factors' presented by the parties, including the egregiousness of the defendant's conduct, the ability of the defendant to pay such award, and any criminal punishment imposed for the conduct in question." *Tuttle v. Raymond*, 494 A.2d 1353, 1359 (Me.1985) (quoting *Hanover Ins. Co. v. Hayward*, 464 A.2d 156, 158–159 (Me.1983)).