**TD BANKNORTH, N.A., Plaintiff**

v.

**KEY BANK, N.A., Defendant.**

**Civil No. 05–180–P–H.**

United States District Court,
D. Maine.

Nov. 28, 2006.

David B. McConnell, John H. Rich, III, Perkins, Thompson, Hinckley & Keddy, Portland, ME, for Plaintiff.

Bruce B. Hochman, Lambert, Coffin, Portland, ME, for Defendant.

### MEMORANDUM DECISION ON MOTION FOR ATTORNEY FEES

HORNBY, District Judge.

TD Banknorth, N.A. obtained judgment in this case under 11 M.R.S.A. § 3–1417(1)(b) for breach of a presentment warranty. Now it seeks its attorney fees. The motion for award of attorney fees is DENIED.

This provision of the Uniform Commercial Code ("UCC") authorizes "compensation for expenses and loss of interest resulting from the breach" of the presentment warranty. 11 M.R.S.A. § 3–1417(2). According to the UCC Comment:

> There is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded. They could be granted because they fit within the language "expenses . . . resulting from the breach."

Cmt. 5.[1]

The preceding UCC section, dealing with breach of transfer warranties, likewise allows as compensation "expenses and loss of interest incurred as a result of the breach." 11 M.R.S.A. § 3–1416(2). There, the UCC Comment provides:

> There is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded. They could be granted because they fit within the phrase "expenses . . . incurred as a result of the breach." The intention is to leave to other state law the issue as to when attorney's fees are recoverable.

Cmt. 6. In other words, the statutory language concerning expenses is virtually identical in both sections, and the language

---

**1.** I note that in 2001 an attempt was initiated, then dropped, to add attorney fee recovery to the language of UCC 3–417 (Maine's 11 M.R.S.A. § 1417). *See* The NCCUSL Archives, Biddle Law Library, University of Pennsylvania Law School, available at http://www.law.upenn.edu/library/ulc/ulc.htm# uccpayment.

of both comments is identical, but for the final sentence in comment 6 to section 3–1416.

I see no reason why the standard for recovery of attorney fees should differ for these two breach of warranty sections that have virtually the same statutory language concerning expenses. *See Grasso v. Crow,* 67 Cal. Rtpr.2d 367, 368 n. 4 (1997) (treating these two sections as well as 4–207 (Maine's section 4–207–A) as equivalent on the issue of attorney fees). I conclude that, in accord with the final sentence that I have quoted from comment 6 to section 3–1416, recovery of attorney fees as part of "expenses" must depend upon "other state law." *See* James J. White & Robert S. Summers, *Uniform Commercial Code* § 18–8 at 237 (4th ed.1995). Maine law is clear that the only basis for recovery of attorney fees under "other" state law is:

(1) the contractual agreement of the parties;

(2) clear statutory authority; or

(3) the court's inherent authority to sanction egregious conduct in a judicial proceeding.

*Baker v. Manter,* 765 A.2d 583, 586 (Me. 2001) (citations omitted). TD Banknorth's motion for attorney fees meets none of those standards.

Accordingly the motion for attorney fees is DENIED. The Clerk may, however, tax costs.

So ORDERED.