STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-08-69



2008 OCT 29 A 8: 12

VESSEL SERVICES INC.,

    Plaintiff,

v.

**DECISION AND JUDGMENT**

RHONDA COPPERSMITH,

    Defendant.

This case is before the court for a hearing on damages after entry of a default by the clerk against the defendant. M.R.Civ.P. 55(a). The plaintiff also requested a default judgment; however, based on the nature of the complaint, the court determined that the claim is not for a sum certain and a hearing on damages is required. M.R.Civ.P. 55(b)(2).

Notice of hearing was provided to both parties. The plaintiff appeared by counsel, Edward F. Bradley, current president of Vessel Services Inc. and David Leeman, president from 1982-2004. The defendant did not appear.[1]

After hearing, the court finds, as alleged, that Rhonda Coppersmith was previously employed by plaintiff and was responsible for bookkeeping and managing the finances of the corporation. In that capacity she misappropriated more than $861,000 in funds that were the property of Vessel Services Inc. Although the defendant had lawful access to the funds, authority to manage them and initiate electronic funds transfers for payments of company debts; she had no authority, actual or apparent, to convert them to her own use.

---

[1] The notice provided by the clerk was sent to her last known address and to counsel whom the court is informed represents her. The notices were not returned.

The plaintiff's claims date back to July 25, 2001. The complaint was filed with this court on February 5, 2008. Title 14 M.R.S. § 752 requires that "[a]ll civil actions must be commenced within 6 years after the cause of action accrues and not afterwards . . . " Although the defendant's acts may constitute a continuing tort, her thefts constitute multiple individual acts. The cause of action for plaintiff accrues at the time of the event, not when it was discovered by plaintiff. *Dugan v. Martel*, 588 A.2d 744 (Me. 1991) (Statute of limitations began to run when party first noticed problem, not when plaintiff became aware of scope of injury); *Kasu Corp. v. Blake, Hall & Sprague*, 582 A.2d 978 (Me. 1990) (Tort action against insurance agency accrued on negligent failure to procure coverage when complaint was filed, not on later date when client discovered absence of coverage); *Bozzuto v. Ouellette*, 408 A.2d 697 (Me. 1979) (Cause of action accrued on date of wrongful sale by sheriff, not when owner learned of sale).

A default against a defendant entitles a plaintiff to a judgment on all claims to which it has a legal right. In this case the claim includes the misappropriation of funds for six years, from February 5, 2002: $781,940.92. *See* Pl. Exhibit No. 1.

The plaintiff also claims necessary and incidental expenses as consequential damages. These include accountant and legal fees to examine the records to determine the theft process and the extent of the misappropriation. Accountant fees claimed are $14,820.

Ordinarily attorney fees are recoverable only when allowed by statute or provided by contract or agreement. There is an exception to the general rule; that is, when a person's conduct is so egregious that attorney fees are warranted. *See, e.g., Baker v. Manter*, 2001 ME 26, § 13, 765 A.2d 583, 585 (A prevailing party is not ordinarily entitled to an award of attorney's fees, but courts may award fees for certain egregious conduct and some kinds of tortious conduct).

2

In this case, an award of attorney's fees is appropriate where most of them were incurred to investigate, in conjunction with the accountants, the nature and extent of the embezzlement as well as tax and legal consequences. Because of the defendant's failure to respond and the entry of the default, only a small amount is attributable to actual litigation.

The defendant's conduct was intentional and knowing. It was extensive and deceitful, including acts to conceal and cover her tracks. The defendant's actions had substantial adverse impact on plaintiff's ability to obtain credit and prevented plaintiff from relying on the integrity of its financial records. Plaintiff is entitled to consequential damages, necessarily incurred, for accountant and attorney fees necessarily incurred totaling $31,699.97.

The defendant is entitled to a credit/off-set of $38,000 previously paid to Vessel Services Inc.

The clerk will make the following entry as the judgment of the court:

1. Judgment for plaintiff Vessel Services Inc., against defendant Rhonda Coppersmith in the amount of seven-hundred seventy-five thousand six-hundred twenty-nine and 89/100 dollars ($775,629.89).

2. Plaintiff is awarded pre-judgment interest at 6.42% and post-judgment interest at 9.42%.

3. Plaintiff is allowed costs as allowed by rule and statute.

SO ORDERED.

DATED: October 28, 2008

Thomas E. Delahanty II
Justice, Superior Court

3

F COURTS
and County
Box 287
ine 04112-0287

BRADFORD PATTERSHALL ESQ
GERALD PETRUCCELLI ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555