STATE OF MAINE                          SUPERIOR COURT

Sagadahoc, ss.                          Civil Action Docket

VALERIE CLARK

Plaintiff

v.                                      Docket No. SAGSC-CV-08-061

CLIFTON HENDERSON

Defendant

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the court on the motion of Defendant Clifton

Henderson (Henderson) to dismiss Counts II and III of the complaint, as well as

the Plaintiff's claims for attorney fees under Counts II, III, and IV of the

complaint pursuant to Rules 7(b) and 12(b)(6). Also before the court is a partial

motion for summary judgment filed by Henderson in accordance with Rule 56,

and a motion for a protective order filed by Clark pursuant to Rule 26(c).

## Background And Procedural History

Clark alleges the following facts in her complaint.

On or about July 29, 2007, Clark was a passenger in a vehicle owned by

her and driven by her son, which made a left turn into the Irving gas station in

Newport, Maine. Henderson, while exiting the gas station, drove his truck

directly into the front of the Clark's vehicle, the impact of which caused Clark's

vehicle to spin 180 degrees. Henderson then exited the Irving gas station at a

high rate of speed, but returned to the scene of the accident during the

subsequent police investigation. Upon returning to the scene Henderson was

given a sobriety test, and was arrested for operating under the influence. Clark

alleges bodily injury, pain and suffering, compensatory damages, and property damages as a result of the accident.

Clark filed a complaint on November 10, 2008 asserting four causes of action: Count I: negligence; Count II: recklessness; Count III: negligent infliction of emotional distress; and Count IV: intentional or reckless infliction of emotional distress. Henderson filed an answer on December 10, 2008. On May 27, 2009, Clark filed a motion for a protective order in response to Henderson's request for her psychotherapist records. On June 16, 2009, Henderson filed a motion in opposition to Clark's protective order request.

On June 25, 2009, Henderson filed a motion to dismiss, seeking dismissal of Counts II and III, Clark's recklessness and negligent infliction of emotional distress claims, as well as Clark's request for attorney's fees under Counts II, III, and IV pursuant to Rule 12(b)(6). Contemporaneously, Henderson filed a motion for partial summary judgment on Count IV, the intentional or reckless infliction of emotional distress claim, as well as on the request for punitive damages under Counts II, III, and IV. Clark opposed both motions on July 15, 2009.

Clark has also filed a motion for protective order that was resolved at oral argument on the motion to dismiss, to the extent of both counsel advising the court that they could resolve their discovery differences. Because the motion for protective order was filed prematurely in any event, before a conference under M.R. Civ. P. 26(g) was requested or held, the motion for protective order is not discussed further and is hereby dismissed.

<u>Discussion</u>

I. Defendant's Motion to Dismiss and Judgment on the Pleadings: Standard of Review

A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029 (Me. 1987). The Court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." *Id.* at 1030; *see also Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832 (stating that in determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint," and a claim will be dismissed only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim.") (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246)).

As Henderson's Motion to Dismiss is essentially a Motion for Judgment on the Pleadings the court will review the motion in accordance with 12(c).[1]

A. Count II: Recklessness

Count II appears to assert a stand-alone claim of recklessness. Clark's memorandum in opposition did not address Henderson's motion, and at oral argument Clark's counsel confirmed that there is no objection to Count II being

---

[1] Clark's statement that Henderson's mislabeled 12(b)(6) motion is time-barred ignores that the purpose of the Rules of Civil Procedure is not to dismiss claims merely because of mislabeling a motion, rather the focus of the court's consideration is on the substance of the claim, not the format. For clarity's sake-Henderson incorrectly states in his Reply in Support of the Motion to Dismiss that 12(h)(2) allows a 12(b)(6) motion to be made at any time. Rule 12(h)(2) states that "a defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted . . . or by a motion for judgment on the pleadings;" and is thus also a reference to a Rule 12(c) motion once the pleadings are closed.
Further, Clark's statement that the court *must* treat Henderson's motion as a motion for summary judgment is incorrect. Rule 12(c) states that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and *not excluded by the court*, the motion shall be treated as one for summary judgment." (emphasis added). In this case, the court has elected to exclude matters outside the pleadings.

dismissed. Therefore, Henderson's motion to dismiss-construed as a motion for judgment on the pleadings-is GRANTED as to Count II recklessness and as to Clark's request for attorneys' fees contained in Count II.

### B. Count III: Negligent Infliction of Emotional Distress

In Count III Clark alleges a claim of negligent infliction of emotional distress (NIED). In order to prevail on a claim for negligent infliction of emotional distress, a plaintiff must show "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was harmed; and (4) the breach caused the plaintiff's harm." *Curtis v. Porter*, 2001 ME 158, ¶ 18, 784 A.2d 18, 25.

Count III is likely surplusage to the extent that Clark is claiming to have experienced emotional distress in connection with her own injuries. *See Curtis v. Porter, supra* at ¶19, 784 A.2d at 26 ("when the separate tort at issue allows a plaintiff to recover for emotional suffering, the claim for negligent infliction of emotional distress is usually subsumed in any award entered on the separate tort"). In other words, Count III adds nothing to the complaint to the extent it pertains to emotional distress resulting from Henderson's alleged negligence directed against her, because damages for emotional distress are already available if she proves negligence as alleged in Count I of the complaint.

However, if Clark is asserting an independent NIED claim for emotional distress caused by witnessing harm or danger to someone else, that claim is not sufficiently stated in Count III, and will not be considered absent an amendment of the complaint, which has not been sought.[2]

---

[2]  The independent tort of NIED applies only in "limited circumstances" in which an individual has such a duty are either in "bystander liability actions" or when "a special relationship exists

At oral argument, the court indicated that, because the *Curtis* case does not seem to compel dismissal of a redundant NIED claim, Count III could stay in the case. On reflection, the court concludes based on the cases cited in footnote 2, that a claim for NIED is independently viable only in limited circumstances not adequately pleaded in Count III.

For these reasons, Defendant's motion to dismiss, considered as a motion for judgment on the pleadings, is granted as to Count III.

### C. Plaintiff's Request for Attorney Fees

Defendant has also sought dismissal or judgment in his favor on the Plaintiff's prayer for attorney fees. Maine law permits attorney fees to be awarded only in limited circumstances—by statute, by contract, in certain insurance coverage cases, or as a sanction—and none of those circumstances applies here. See Baker v. Manter, 2001 ME 26, ¶¶ 13, 17, 765 A.2d. 583, 585-86. Accordingly, the Plaintiff's prayer for attorney fees on any of the counts of the complaint will be denied.

### II. Defendant's Motion for Partial Summary Judgment: Standard of Review.

---

between the actor and the person emotionally harmed." *Curtis v. Porter, supra* ¶ 19, 784 A.2d at 25. Bystander liability occurs when "the plaintiff bystander was present at the scene of the accident, suffered mental distress as a result of observing the accident and ensuing danger to the victim, and was closely related to the victim." *Culbert v. Sampson's Supermarkets Inc.*, 444 A.2d 433, 438 (Me. 1982). Additionally, the harm suffered must amount to "serious mental distress," such that "a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event." *Id.* at 437.

In the present case, Clark has not alleged that any special relationship existed between her and Henderson. The complaint alleges they were three other people in the vehicle with her, one of whom was her son, but it does not allege that any of them was injured or in danger, or that her emotional distress resulted from seeing any of them injured or placed in danger. Therefore, the court can only speculate on whether Count III is intended to state an independent NIED claim. *See Champagne v. Mid-Maine Ctr.*, 1998 ME 87, ¶ 13, 711 A.2d 842, 846.

Summary judgment is proper where there exists no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

A. Count IV: Intentional/Reckless Infliction of Emotional Distress

In order to prevail on a claim for intentional or reckless infliction of emotional distress (IIED), a plaintiff must show that: (1) the defendant engaged in intentional or reckless conduct that inflicted serious emotional distress or would be substantially certain to result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable; and (3) the plaintiff suffered serious emotional distress as a result of the defendant's conduct. *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶15, 711 A.2d 842, 847.

In moving for summary judgment on Count IV, Defendant Henderson focuses on the first and second elements of the tort: he claims that, as a matter of law, the evidence as presented in the parties' statements of material facts could not support a finding that the defendant acted intentionally or recklessly, or that the defendant's conduct was sufficiently extreme and outrageous.

Whether an act is "intentional" under the law depends on whether a person subjectively wants or subjectively foresees "that harm to another will almost certainly result from his actions." *Curtis v. Porter*, 2001 ME 158 ¶ 12, 784 A.2d 18, 23.

Despite Clark's allegations that there is a question of material fact as to whether Henderson deliberately tried to hit her vehicle or that he had "road rage" the Court finds no evidence from which a jury could substantiate either of these claims. The record reflects that Henderson, after a brief argument with his wife, pulled out of the gas station and hit Clark's vehicle, but nowhere indicates that his actions were deliberate in nature. Clark's allegations that Henderson's actions were deliberate or a result of road rage are speculative at best, and thus do not substantiate a claim that Henderson intentionally caused Clark's emotional distress. *Myshrall v. Key Bank Nat'l Ass'n*, 2002 ME 118, ¶ 22, 802 A.2d 419, 424-25; *see also Arroyo-Audifred v. Verizon Wireless, Inc.*, 527 F.3d 215, 217 (1st Cir. 2008) (stating that a court is not "required to accept as true or to deem as a disputed material fact, each and every unsupported, subjective, conclusory or imaginative statement made by a party").

However, a genuine issue of material fact exists as to whether Henderson recklessly inflicted emotional distress on Clark. "A person acts recklessly if she knows or should know that her conduct creates and unreasonable risk of harm to

another person and the unreasonableness of her actions exceeds negligence." *Curtis v. Porter*, 2001 ME 158 ¶ 13, 784 A.2d 18, 23 (noting that the Restatement defines "reckless" as conduct that would lead a reasonable person to realize the unreasonable risk of harm to another).

The record reflects that Henderson had a disagreement with his wife, then started driving very fast out of the parking lot, despite having consumed alcohol beyond the legal limit. These facts are sufficient to allow a jury to infer that Henderson was reckless in choosing to drive, and this court cannot say as a matter of law Henderson's actions definitively were not extreme and outrageous such that they would be regarded as atrocious and utterly intolerable. *Rubin v. Matthews International Corp.*, 503 A.2d 694, 699 (Me. 1986) (noting that when "reasonable men could differ as to the outrageousness of the defendant's conduct, it was for the jury to determine whether the conduct was sufficiently extreme and outrageous to result in liability").

Lastly, although it was less a focus of the Defendant's motion, a genuine issue of material fact exists as to whether Clark suffered severe emotional distress. Severe emotional distress exists where the mental stress engendered by the circumstances of the event is "so severe that no reasonable person could be expected to endure it." *Botka v. S.C. Noyes & Co.*, 2003 ME 128, ¶ 17, 834 A.2d 947, 952. "Although 'severe' emotional distress is usually manifested by 'shock, illness or other bodily harm,' such objective symptomatology is not an absolute prerequisite for recovery of damages for intentional . . . infliction of emotional distress.'" *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me. 1979) (citing *Restatement (Second) of Torts* § 46, Comment k. (1965)). Simply claiming that one is distressed as a result of another's actions is not enough to prove emotional

distress. *See Giguere v. Ellis*, 1988 Me. Super. LEXIS 284 (Nov. 16, 1988). Based on the party's briefs and their accompanying statements of material facts, the court concludes that a genuine issue of material fact exists as to whether Clark suffered "severe" emotional distress,[3] and thus summary judgment is not appropriate at this time. Accordingly, Defendant's motion for partial summary judgment for intentional or reckless infliction of emotional distress is DENIED.

B. Claims for Punitive Damages

The Law Court's seminal case of *Tuttle v. Raymond* governs the application of common law punitive damages. 494 A.2d 1353 (Me. 1985); *see also Morgan v. Kooistra*, 2008 ME 26, ¶ 29, 941 A.2d 447,455. Punitive damages are available only upon a finding of express or implied malice by clear and convincing evidence. *Tuttle*, 494 A.2d at 1361-63. Malice may be proven through evidence showing either that the party acted with ill will toward the claimant or that the party's conduct was so outrageous that malice can be implied. *Id.* at 1361.

Thus, any lesser state of mind, such as gross negligence or recklessness, is insufficient to allow a punitive damages award. *Id.* at 1361-62 (noting that a gross negligence or reckless requirement "covers too broad and too vague an area of behavior, resulting in an unfair and inefficient use of the doctrine of punitive damages" that would "allow virtually limitless imposition of punitive damages," and would dull "the potentially keen edge of the doctrine as an effective deterrent of truly reprehensible conduct"). Accordingly, punitive damages are only available if a defendant acts with actual or implied malice. *Id.* Implied malice is defined as more than a "mere reckless disregard of the

---

[3] The court notes that the disputed psychological records (discussed below) will be dispositive on the issue, and thus refrains from granting the motion at this time.

circumstances." *Id.* at 1361. The clear and convincing standard of proof aids in ensuring that punitive damages are not inappropriately awarded. *Batchelder v. Realty Res. Hospitality, LLC*, 2007 ME 22, ¶ 13, 914 A.2d 1116, 1124.

Thus, the issue is whether the evidence presently of record, viewed in a light most favorable to Clark, could support a factual finding by clear and convincing evidence that Henderson acted with malice in causing the accident.

Clark, in a purported reliance on *Tuttle*, alleges that Henderson's conduct was maliciously motivated, and was so outrageous that malice may be implied. Clark further states that punitive damages are appropriate here as a deterrence for driving while intoxicated and driving while in a rage. However, Clark does not provide clear and convincing evidence that Henderson deliberately and maliciously caused the accident.[4] Despite the fact that evidence has been presented that Henderson was intoxicated at the time of the accident, *Tuttle* makes it clear that recklessness and even gross negligence are not enough to satisfy the malice prong necessary for a punitive damages award. *Tuttle*, 494 A.2d at 1361-63.

In *Tuttle*, the court vacated the jury's award of punitive damages, despite the evidence that established that the defendant was speeding, ran a stoplight, struck the vehicle, and caused the plaintiff's car to be sheared in half by the force of the impact. *Tuttle*, 494 A.2d at 1354; *see also Curran v. Richardson*, 448 F. Supp. 2d 228, 232-33 (D. Me. 2006) (finding that the defendant's operation of a motor vehicle at excessive speeds on the wrong side of the road after drinking two beers did not rise to Tuttle's malice standard); *cf. Filanowski v. Leonard*, 2003 Me. Super. LEXIS 165 (July 8, 2003) (finding malice where the defendant driver was

---

[4] Nor does Clark provide Maine case law as a legal basis for her claims.

intoxicated at the time of the accident, but who also ignored the warnings of the passengers in his car that he was driving too fast and should slow down, and who also had a record of driving to endanger and several speeding violations).

The Court must consider the facts in a light most favorable to Clark on this motion for summary judgment on punitive damages. As noted above with respect to Count IV, the evidence, as it appears in the summary judgment record, could support a finding that Henderson acted in reckless disregard of the danger he imposed to others. These facts, however, do not rise to the level of malice required by Tuttle, nor do they demonstrate clear and convincing evidence that Henderson maliciously intended to place himself or others in harm's way that would support a punitive damages award. Accordingly, under the facts alleged, Henderson's motion for summary judgment as to punitive damages is GRANTED with respect to all counts of the complaint.

### Conclusion

For the reasons given, it is hereby ORDERED AS FOLLOWS:

1. Defendant's motion to dismiss, construed as a motion for judgment, is granted as to Count II and III, and as to Plaintiff's prayer for attorney fees, and is otherwise denied. Defendant's motion for partial summary judgment is granted as to Plaintiff's prayer for punitive damages and is otherwise denied.

2. Judgment is hereby granted to Defendant on Counts II and III and as to the prayers for attorney fees and punitive damages.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated August 24, 2009

Justice, Superior Court
Hon. Andrew M. Horton