STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-11-563
TDW-CUM-1/22/2013

TAL STANTON,

Plaintiff

v.

ORDER

HOLLY L. BLACK, et al,

Defendants

STATE OF MAINE
Cumberland ss, Clerk's Office

JAN 22 2013

RECEIVED

In response to the court's November 30, 2012 order the parties have submitted memoranda of law and defendants have submitted a proposed judgment. The court has considered the arguments of the parties and plaintiff Tal Stanton's objections to the proposed judgment submitted by defendants Holly Black and Jeffrey Martin.

1. Interim Costs

The court is persuaded that under Rinehart v. Schubel, 2002 ME 53 ¶ 11, 994 A.2d 73, Stanton shall be responsible for real estate taxes so long as he continues in exclusive possession of the property. Stanton argues that he is entitled to credit for any improvements he has made while in possession, but as noted in the November 30, 2012 order, the court did not find that anything Stanton has done while in possession of the property has resulted in any increase in the value of the property. Indeed, his continued presence on the property, his potential reluctance to leave, and some of the actions he has taken with respect to the property may, as Black and Martin argue, detract from the value of the property and make it difficult to sell.

If Stanton does not pay all real estate taxes owed for the period since the commencement of the lawsuit until he quits the property, the amount owed shall be subtracted from his share of the proceeds of the sale.

## 2. Attorney's Fees and Costs

The court does not find that Stanton's actions and the manner in which he conducted this litigation, both before and after his counsel withdrew and left him to represent himself, were sufficiently egregious to justify the award of attorneys fees under the American Rule. See, e.g., Baker v. Manter, 2001 ME 26 ¶¶ 13-16, 765 A.2d 583. Under the circumstances the court also does not find defendants Black and Martin are entitled to attorneys fees as a Rule 11 sanction for Stanton's motion to dismiss and to allow intervention dated October 26, 2012.[1]

Finally, a Rule 68 offer of judgment may entitle a party to costs but does not entitle a party to attorneys fees. As prevailing parties, Black and Martin are already entitled to costs under Rule 54(d). Those costs may be deducted from the sale proceeds payable to Stanton if he has not paid those costs by the time of sale.

## 3. Terms of Sale and Removal from Property

The court agrees with Black and Martin that a mechanism for the sale of the property should be set forth by court order but, having considered Stanton's objections to the mechanism proposed by Black and Martin, will not adopt the mechanism proposed by Black and Martin in its entirety.

---

[1] If, as Black and Martin fear, Stanton hereafter improperly attempts to prevent a sale, attorneys fees may be available under Rule 11 (for pleadings interposed solely for purposes of delay) or under the applicable provisions of Rule 66(d)(3)(C) (contempt sanctions for failure to comply with court orders).

The accompanying judgment is based on the principle that Stanton is entitled to be consulted with respect to the sale but is not entitled to block a sale that is agreed to by persons representing a majority of the ownership interests. See accompanying judgment.

The entry shall be:

Plaintiff shall be responsible for real estate taxes so long as he remains in exclusive possession. Defendants' application for attorneys fees denied. Accompanying final judgment to be entered. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January _22_, 2013

Thomas D. Warren
Justice, Superior Court

3