ENTERED AUG 2 7 2014 ✓

STATE OF MAINE
Cumberland, ss.

BUSINESS & CONSUMER COURT
LOCATION: Portland
Docket No. BCD-14-19

**AMH-CUM-05-28-14**

MACHIAS ANIMAL HOSPITAL, INC.,       )
                                      )
                Plaintiff             )
                                      )
        v.                            )
                                      )
PATRIOT INSURANCE COMPANY,            )
                                      )
                Defendant             )
                                      )

## ORDER ON DEFENDANT PATRIOT INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION

Defendant Patriot Insurance Company ("Patriot") moves to dismiss the Complaint for Declaratory Judgment filed by Plaintiff Machias Animal Hospital, Inc. ("Machias") against Patriot under M.R. Civ. P. 12(b)(1), and to compel arbitration under the Uniform Arbitration Act pursuant to the terms of the insurance policy issued by Patriot to Machias. Machias opposes the motion on several grounds.

The court elects to decide the motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

### FACTUAL BACKGROUND

Patriot issued Machias an Employment Related Practices Liability Insurance Policy (the "Policy") providing coverage for the period November 1, 2011 through November 1, 2012. The parties subsequently renewed the Policy to cover the period November 1, 2012 through November 1, 2013. The Policy contains two key sentences implicated in Patriot's motion, both of which are contained in the Policy's arbitration provision. First, the arbitration provision states that "[a]ny controversy arising out of or relating to this Policy or its breach shall be settled by arbitration in accordance with the rules of the American Arbitration Association."

Policy, Form 02564(1-11), page 4 of 8 Section VI(1). Second, the provision limits the relief available in arbitration as follows: "[t]he arbitration panel may make an award of compensatory damages, but may not award punitive or exemplary damages." *Id.*

In 2013, Deborah Stauffer, a former employee of Machias, brought an action against Machias ("the Stauffer Action"), in which Stauffer's complaint alleges various employment-based claims. The Stauffer Action is presently pending in this court, *Stauffer v. Machias Animal Hospital, Inc.*, BCD-CV-13-43, and has been stayed until further order, pending resolution of the coverage issues raised in this case.

Machias gave Patriot notice of the Stauffer Action and requested Patriot to accept coverage and defend Machias against the claims in the Stauffer Action. Initially, in November 2013, Patriot sent Machias a letter preliminarily denying coverage for the Stauffer Action, pending review of additional materials. Later, Patriot sent Machias another letter denying coverage and any duty to defend Machias in the Stauffer Action.

Machias instituted the present action asking the court to declare that: 1) coverage exists under the Policy for the Stauffer Action; 2) the Policy requires Patriot to defend the Stauffer Action; and 3) Patriot is required to pay all costs, legal fees and expenses incurred by Machias in defending the Stauffer Action thus far and in pursuing Machias's complaint.

## DISCUSSION

The parties' briefing raises five issues: 1) does the existence of the arbitration provision in the policy divest this court of subject matter jurisdiction over Machias's complaint for declaratory judgment as to coverage; 2) does the arbitration provision compel arbitration of the claims raised in Machias's complaint; 3) may Machias recover the statutory fees provided in 24-A M.R.S.A. § 2436-B through arbitration; 4) should Machias's complaint be stayed or dismissed while arbitration proceeds; and 5) must Ms. Stauffer be joined as a party to the present action?

2

1)       The Court has Subject Matter Jurisdiction over Machias's Complaint.

Patriot argues that the Parties, though the arbitration provision, clearly intended any and all disputes arising out of the Policy to be resolved through arbitration. From this, Patriot concludes that the court lacks subject matter over Machias's complaint and must dismiss under M.R. Civ. P. 12(b)(1).[1] This argument lacks merit.

The Uniform Declaratory Judgments Act grants courts the power to construe contracts, such as the Policy, before or after their breach and to declare the rights, status and other legal relations under the contracts. 14 M.R.S.A. §§ 5953, 5955. That a contract provision requiring arbitration does not in and of itself divest a court of jurisdiction is made evident by the Uniform Arbitration Act, which contemplates that courts should stay, not dismiss, proceedings where arbitration is required. 14 M.R.S.A. § 5928(4). Accordingly, the existence of the arbitration provision does not deprive this court of subject matter jurisdiction and Patriot's Motion to Dismiss must be denied.

2)       The Issues Raised in Machias's Complaint Are Subject to Arbitration.

The Uniform Arbitration Act provides, in pertinent part, that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable." 14 M.R.S.A. § 5927. "On application of a party showing an agreement described in section 5927 and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration…." 14 M.R.S.A. § 5928(1). When interpreting arbitration agreements, Maine exercises a "broad presumption favoring substantive arbitrability[.]" *E.g. Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 13, 834 A.2d 131.

---

[1] Patriot does not argue that this court would lack subject matter jurisdiction absent the arbitration provision.

3

Except in limited contexts not applicable here, *see, e.g.* 24-A M.R.S.A. §§ 2747, 2816 (health insurance), the Maine Insurance Code does not explicitly permit or preclude arbitration provisions in insurance contracts, but it implicitly permits arbitration of insurance policy disputes. *See* 24-A M.R.S.A. § 2436-A(1)(C) (insurer's wrongful threat to appeal from an arbitration award can constitute an unfair claims settlement practice).

Machias does not appear to contest the validity of arbitration provisions in insurance policies *per se*, but it does argue that this arbitration provision should not be enforced because the provision may limit Machias's ability to recover the statutory attorney fees provided for in 24-A M.R.S.A. § 2436-B.[2] This is because the provision prohibits the arbitration panel from awarding punitive or exemplary damages. Policy, Form 02564(1-11), page 4 of 8 Section VI(1).

Patriot, in turn, asserts Machias voluntarily forfeited its ability to pursue the coverage dispute through 24-A M.R.S.A. § 2436-B—and to recover fees thereunder—by agreeing to resolve any and all coverage disputes through the Policy's arbitration process. However, this court does not agree with Patriot that the arbitration provision deprives Machias of any right to seek attorney fees under section 2436-B. Moreover, on its face, the Policy prohibition against an arbitration award of punitive or exemplary damages does not preclude, or even apply to, an award of attorney fees because punitive (also known as exemplary) damages and attorney fees are different forms of relief. *See Baker v. Manter*, 2001 ME 26, ¶¶ 15-16, 765 A.2d 583.

In *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350 (Me. 1996), the Law Court addressed the question of whether attorney fees were recoverable in a declaratory judgment action regarding an insurer's coverage obligations before the right to such fees was codified in section 2436-B. In holding that the insured was entitled to recover attorney fees, the Law

---

[2] 24-A M.R.S.A. § 2436-B(2) provides, in pertinent part, that in an action "to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees."

4

Court explained that the payment of attorneys fees was meant to "place the insured in a position equally as good as the insured would have occupied had the insurance contract been fully and properly performed from the beginning." *Gibson*, 673 A.2d at 1354-55. In other words, an award of attorney fees to an insured against an insurer in a declaratory judgment action regarding coverage is compensatory, not punitive in nature.

There may well be a legal issue as to whether attorney fees and costs, incurred in a declaratory judgment action for purposes of section 2436-B include the fees and costs incurred in an arbitration proceeding held while the declaratory judgment action is stayed pending arbitration, but that issue need not be, and is not, decided now.

3)      This Action Will Be Stayed, Not Dismissed, Pending Arbitration.

The Maine Uniform Arbitration Act provides that "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed...." 14 M.R.S.A. § 5928(4). Patriot, however, argues Machias's complaint should be dismissed, citing to federal case law holding that when all issues before a court are arbitrable, the court may dismiss, rather than stay the action. *See Boulet v. Bangor Securities, Inc.*, 324 F. Supp.2d 120, 127 (D. Me. 2004) (citing *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n. 21 (1st Cir. 1998); *see also Bangor Hydro-Electric Co.*, 62 F.Supp.2d 152, 161, n.9 (quoting *Sea-Land Serv., Inc. v. Sea-Land of P.R., Inc.*, 636 F.Supp. 750, 757-58 (D.P.R. 1986).

However, the issue just discussed—whether the existence of the Policy arbitration provision precludes recovery of Machias's attorney fees and costs incurred in this action, and to what extent—is not entirely arbitrable in the court's view. Should Machias ultimately prevail in this case—meaning if the judgment confirming, vacating, modifying or correcting the arbitration award is in Machias's favor—the court sees no reason why, based on section 2436-

5

B, Machias could not apply for, and perhaps recover, some or all of the attorney fees it incurred, at least in the court proceedings, if not in the arbitration.

4)     Machias or Patriot May, At Their Option, Join Deborah Stauffer as a Party.

Patriot notes that Deborah Stauffer has not been joined as a party-in-interest although she has an obvious interest in the resolution of the coverage issue.   The Declaratory Judgments Act provides, in pertinent part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." 14 M.R.S.A. § 5963.  On the other hand, by virtue of the Maine reach-and-apply statute, 29-A M.R.S.A. § 2904, Ms. Stauffer has no presently enforceable claim.

Whether the claimant in the underlying action is a necessary party to an insured's declaratory judgment action to obtain coverage for the defense of the underlying action appears to be an undecided question in Maine—at least neither party has cited any authority other than the Declaratory Judgments Act, which admittedly argues in favor of necessary party status.

Nationally, "[a]lthough jurisdictions seem to agree that injured parties are proper parties in a declaratory judgment action to determine coverage or liability under a policy, unless they have been compensated for their injuries, they do not agree as to whether injured parties are necessary or indispensable parties to such an action." 17 STEVEN PLITT ET AL., COUCH ON INSURANCE. § 243:87 (3d ed. 2013).   The weight of authority elsewhere may well be in favor of requiring the claimants to be joined.   *E.g. Fire Ins. Exch. v. Basten*, 549 N.W.2d 690, 698–99 (Wis. 1996) (requiring the plaintiff and anyone else with a claim against the insured in the underlying action to be named as parties in the declaratory judgment action); *Soc'y of Mt. Carmel v. Nat'l Ben Franklin Ins. Co.*, 643 N.E.2d 1280, 1284–85 (Ill. Ct. App. 1994) (tort claimant in an underlying action is a necessary party to a declaratory judgment action brought to determine insurance coverage for that claim); *Royal Indem. Co. v Hartford Accident & Indem.*

6

*Co.*, 155 A.2d 270, 272 (N.J. 1959) (holding judgment in a declaratory judgment action involving two potential insurers should not have been entered without the joinder of individuals who had been riding in the vehicle and were injured in the accident); *see also* Davis J. Howard, *Declaratory judgment Coverage Actions: A Multistate Survey and Analysis and State Versus Federal Law Comparison*, 21 Ohio N.U. L. Rev. 13 (1994).

However, one consideration arguing in favor of necessary party status—to assure that the claimant is bound by the declaratory judgment regarding coverage, thereby avoiding duplicative reach-and-apply litigation on the identical issue—is absent here. Even assuming, without deciding, that Stauffer would be bound by the outcome of this case were Machias and Patriot not required to arbitrate, *see Krohn v. Gardner*, 471 N.W.2d 391, 394-96 (Neb. 1991) (holding declaration of non-coverage in insured's action against insurer was not res judicata as to plaintiff in underlying case), by choosing to include an arbitration provision in its contract with Machias, Patriot has in effect deprived itself of the opportunity to bind Stauffer to the outcome of arbitration. Stauffer has not agreed to arbitrate her potential right to sue Patriot under the reach-and-apply statute for any damages she may recover in a final judgment.

Although not a necessary or indispensable party, Ms. Stauffer may be a proper party to the litigation as opposed to the arbitration, and nothing herein should be deemed to preclude or decide whether either of the present parties may seek to join her, or whether she may be granted leave to intervene.

## CONCLUSION

Based on the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant Patriot Insurance Company's Motion to Dismiss and to Compel Arbitration is hereby granted in part and denied in part, as stated below.

2.     This action is hereby stayed, but not dismissed, in favor of arbitration, for 120 days or until the arbitration award issues, whichever occurs first. The clerk will schedule a telephonic conference of counsel to occur shortly after expiration of the 120-day stay or the issuance of the arbitration award. On motion of either party, the stay may be extended for cause shown.

3.     The parties are hereby ordered to arbitrate, pursuant to the arbitration provisions of their insurance contract, all issues subject to arbitration.

4.     Any motion for leave to join Deborah Stauffer as a party-in-interest shall be filed within 30 days.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated: May 27, 2014

_____
A. M. Horton, Justice
Maine Business & Consumer Court

8

**Machias Animal Hospital, Inc. v. Patriot Insurance Company**
**BCD-CV-14-19**


**Machias Animal Hospital, Inc.**
**Petitioners / Plaintiffs**

Counsel:                          Jeffrey Davidson, Esq.
                                  86 Court Street
                                  Machias, ME 04654


**Patriot Insurance Company**
**Respondents / Defendants**

Counsel:                          Robert Hatch, Esq.
                                  Three Canal Plaza
                                  PO Box 4630
                                  Portland, ME 04112-4630