## Margaret ALEXANDER

v.

## DIVISION OF COMMUNITY SERVICES.

Supreme Judicial Court of Maine.

Submitted on Briefs March 8, 1989.

Decided March 30, 1989.

Margaret Alexander, Waldoboro, pro se.

James E. Tierney, Atty. Gen. and Jeffrey Frankel, Asst. Atty. Gen., Augusta, for Div. of Community Services.

D. Michael Frink, Curtis, Thaxter, Stevens, Broder & Micoleau, Augusta, for Coastal Economic Development Corp.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

PER CURIAM.

On February 23, 1987, in response to the denial of her application for renewal of her Home Energy Assistance Program (HEAP) fuel subsidies, Margaret Alexander made the first of a series of written requests for all documents in the custody of the State Division of Community Services (DCS) relating to her HEAP application. On July 23, DCS director Nicola Kobritz wrote Alexander that pursuant to the Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1979 & Supp.1988), DCS "satisfied your request [on March 16] by providing you with all documents relating to your HEAP grant, [and thus] there is no further action which may be taken by the agency to assist you." On November 5, 1987, over three months later, Alexander filed a complaint in the

Superior Court (Lincoln County), purportedly under M.R.Civ.P. 80B, seeking judicial review of DCS's refusal to provide any additional documents.

The Superior Court (*Chandler, J.*) dismissed the action, holding that the complaint was untimely on two grounds. First, the complaint was barred on its own terms because it was not filed "within 30 days after notice of any action or refusal to act of which review is sought."[1] M.R.Civ.P. 80B(b). Second, the action was in any event not governed by Rule 80B at all, but by the appeal provision of the Freedom of Access Act, 1 M.R.S.A. § 409(1) (1979). On July 23, the date of the last DCS action involved in Alexander's complaint, section 409(1) imposed a strict 10-day time limit for appeal by "[a]ny person aggrieved by denial" of access to public records.[2] We affirm.

Rule 80B creates no independent cause of action, but rather only states the procedure for "review by the Superior Court ... [that] is provided by statute or is otherwise available by law" and only "to the extent [not] inconsistent with the provisions of a statute." M.R.Civ.P. 80B(a); *see Lyons v. Board of Directors of School Admin. Dist. No. 43*, 503 A.2d 233, 235 (Me.1986). The only claim Alexander has stated upon which relief could possibly be granted is that DCS allegedly violated the Freedom of Access Act when it denied her request for records in its custody. If she has no right under the Act to view those records, she has asserted no legally enforceable right of any nature. Her action is therefore governed in its entirety by the provisions of the Act, including the 10-day time limit in effect at the time for commencing an action seeking judicial review.

Contrary to Alexander's contention, there is implicit in her claim, and essential to that claim, an allegation that the documents she seeks *are* "public records" within the meaning of the Freedom of Access Act, at least for the specific purpose of a disclosure action in which she herself is the plaintiff. Although the Freedom of Access Act declares by definition that "[r]ecords that have been designated confidential by statute" are not "public records," 1 M.R.S.A. § 402(3)(A), the documents relating to Alexander are not confidential as to her on her own demand that DCS produce them. The statute controlling the HEAP operations of DCS does make those documents prima facie confidential, *see* 5 M.R.S.A. § 3523(1) (Pamph. 1988); the same statute, however, recognizes "the right of any person whose interest is protected by this section to waive in writing the benefits of protection." *Id.* § 3523(3). Alexander's written demand for all DCS documents relating to her HEAP application constituted a waiver of their confidentiality so far as she is concerned. Thus, without deciding the status of those documents on any claim of confidentiality by someone else, we conclude that the Freedom of Access Act lays out the necessary conditions for Alexander's obtaining DCS documents relating to her. In view of Alexander's failure to comply with the statutory time limitations on seeking judicial review of the DCS denial, the Superior Court correctly dismissed her action.

The entry is: Judgment affirmed.

All concurring.

---

1. Even if Rule 80C rather than 80B controlled Alexander's attempt to appeal the final action of DCS as a state agency in denying her request, her Superior Court action would be barred by the same 30-day limitations period. *See* M.R. Civ.P. 80C(a); 5 M.R.S.A. § 11002(3) (1979).

2. Effective September 29, 1987, the appeal period was shortened to 5 working days. P.L. 1987, ch. 477, § 5.