Margaret **BOYLE**

v.

**DIVISION OF COMMUNITY SERVICES.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 20, 1991.

Decided July 1, 1991.

Margaret Boyle, Waldoboro, pro se.

Jeffrey Frankel, Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

PER CURIAM.

Margaret Boyle appeals *pro se* from a judgment following a bench trial in the Superior Court (Lincoln County, *Lipez, J.*). She sought to compel the production of a memo in the possession of the Division of Community Services ("DCS") under Maine's Freedom of Access Law, 1 M.R. S.A. §§ 401–410 (1989 & Supp.1990); the court ruled that DCS was not required to disclose the memo. We affirm.

Ms. Boyle, then known as Margaret Alexander, previously sought to compel pro-

duction of all DCS documents relating to her application for the Home Energy Assistance Program ("HEAP"). *See Alexander v. Division of Community Services,* 556 A.2d 222 (Me.1989). Although we found her petition properly dismissed as time-barred, we stated in dicta that her demand for documents denominated as confidential by 5 M.R.S.A. § 3523(1) (1989 & Supp.1990) "constituted a waiver of their confidentiality *so far as she is concerned.*" *Alexander,* 556 A.2d at 223 (emphasis added).

Following the decision in *Alexander,* DCS turned over to Ms. Boyle all but one of the documents she sought. DCS refused to turn over the remaining document because it contains information provided by third parties who would be at risk of retaliation if its contents were disclosed. Ms. Boyle made a demand for the document pursuant to 1 M.R.S.A. § 408, and DCS refused to produce it. Ms. Boyle thereupon brought this action in the Superior Court.

After preliminary proceedings not relevant to this appeal, the Superior Court held a trial *de novo* pursuant to section 409(1). The court heard the testimony of Nicola Kobritz, Director of DCS, and Elizabeth Sienko, a DCS paralegal. The document itself was admitted for *in camera* inspection by the court; Ms. Boyle stated on the record that she had no objection.

Following the hearing and an *in camera* inspection of the document, the court found that the denial of production was for "just and proper cause" within the meaning of 1 M.R.S.A. § 409 because the document "is replete with references to third persons who provided information to the Division of Community Services" and that "[t]here are explicit concerns stated for the safety of these individuals if their identities were disclosed." The court also found it impracticable for the document to be redacted to remove references to the identity of third persons. Concluding that DCS has standing to raise a claim of confidentiality on behalf of third parties who provided information in the expectation that their identi-

ties would be kept confidential, the court granted judgment for DCS. Ms. Boyle now appeals.

**I.**

■ Ms. Boyle contends the Superior Court's determination that DCS had demonstrated "just and proper cause" for its denial of access to the document within the meaning of 1 M.R.S.A. § 409 was clearly erroneous. Contrary to her assertion, however, Ms. Kobritz and Ms. Sienko both testified as to the nature of the document and their concerns for the safety of persons named in it; the court also had the benefit of its own *in camera* inspection.[1] The court's determination of just and proper cause for refusing to release the document was supported by competent evidence, and thus not clearly erroneous.

**II.**

■ Ms. Boyle argues that DCS lacks standing to assert the confidentiality rights of third parties. We disagree. The statute's provision for waivers of confidentiality states:

> Nothing in this section may be construed to limit in any way the right of any person whose interest is protected by this section to waive in writing the benefits of protection.

5 M.R.S.A. § 3523(3) (1989). Thus, the statute explicitly contemplates that, absent waiver, DCS must protect the interests of those with whom it deals. *Cf. Bangor Publishing Co. v. City of Bangor,* 544 A.2d 733, 734–36 (Me.1988) (names and resumes of applicants for chief of police, to whom city had assured confidentiality, were not "working papers" relating to hiring, and thus were subject to disclosure). In this case, DCS has done so by keeping their identities, and contextual information that would tend to reveal their identities, confidential. *See Alexander,* 556 A.2d at 223. DCS clearly has standing to protect the confidentiality rights of third parties with whom it deals.

---

1. Our *in camera* inspection of the memo con- firms the Superior Court's characterization.

### III.

■ Ms. Boyle contends the court's *in camera* review of the document deprived her of due process rights. Because she consented to the *in camera* inspection, we review only for obvious error. M.R.Evid. 103; M.R.Civ.P. 61. None is apparent. *In camera* review is a routine and appropriate means for judicial review of documents where disclosure is sought. *E.g., Guy Gannett Publishing Co. v. University of Maine*, 555 A.2d 470, 471 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.