*Ra/*

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET
PORSC-CV-2012-453
JAW-Cum 6/24/2013

GERARD BRADY

Appellant

v.

DECISION AND ORDER

COUNTY OF CUMBERLAND, MAINE

AND PETER CRICHTON

Defendants



STATE OF MAINE
Cumberland ss Clerk's Office

JUN 24 2013

RECEIVED

Pursuant to Maine Rule of Civil Procedure 80B and 1 M.R.S. § 409 of the Freedom of Access Act, Plaintiff Gerard Brady appeals the decision of Defendant Cumberland County and Defendant Peter Crichton to deny its request for access to video records related to an alleged assault by a Cumberland County Corrections Officer on a prisoner at Cumberland County Jail sometime around the Fall of 2010. As part of its consideration of this appeal, the court has reviewed the identified video clip of the in-take area and the interaction with correction officers and a prisoner.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties submitted an agreed statement of facts. On September 10, 2012, the plaintiff, through his counsel, mailed a Freedom of Access Request to Cumberland County Manager Peter Crichton. In the September 10 letter, the petitioner requested that the County provide him with, among other records, "[a]ll records, including but not limited to video footage, relating to the investigation of an alleged assault by [a

1

Cumberland County Corrections Officer] on a prisoner in which [the officer] is alleged to have choked the prisoner." FOAA Request. The parties believe that the alleged assault took place in or around the fall of 2010. The Video was recorded prior to the initiation of any investigation or complaint. The video footage requested was recorded on security cameras located inside the in-take area of the Cumberland County Jail. Around September 18, 2012, the County provided Mr. Brady with some but not all of the requested records. Specifically, the County failed to provide any records relating to the alleged assault by the officer.

In a letter dated September 18, 2012, Cumberland County's attorney, Patricia Dunn, Esq., explained that Cumberland County could not provide certain information requested because it is confidential pursuant to the provisions of Title 30-A M.R.S. § 503(1)(b)(5). After an e-mail exchange that, started on September 19, 2012, and culminated on September 24, 2012, between Attorney Dunn, representing the defendants, and Attorney Goodman, representing the plaintiff, Attorney Dunn confirmed that "[i]t is the County's position that the video is not a public record." (S.U.F. ¶ 11, Ehx. F.)

## DISCUSSION

I. *Standard of Review*

On appeal, a party aggrieved by a FOAA denial is entitled to de novo review in the Superior Court. 1 M.R.S. § 409(1) (2012). Maine's Freedom of Access Act ("FOAA") "require[s] that public actions and records be available to the public." *Town of Burlington v. Hosp. Admin. Dist. No. 1, et al.*, 2001 ME 59, ¶13, 789 A.2d 857 (citing 1 M.R.S. § 408). To further these objectives, "FOAA must be liberally construed." *Dow v. Caribou Chamber of Commerce and Indus.*, 2005 ME 113, ¶ 9, 884 A.2d 667 (citing 1

2

M.R.S. § 401; *Town of Burlington*, 2001 ME 59, ¶13, 769 A.2d 857). The burden of proof falls on the agency to establish "just and proper cause" for the denial of a Freedom of Access Act request. *See* 1 M.R.S. § 409(1) (2012) (stating that, on appeal to the Superior Court, the court must enter an order for disclosure if it determines "denial was not for just and proper cause"); *Boyle v. Division of Community Servs.*, 592 A.2d 489, 490 (Me.1991) (implying in its analysis that the burden was on the agency).

A. Public Record

The defendants argue that the Video is not a public record because it shows confidential security practices and procedures. The defendants contend that "surveillance inside the jail is part of its security procedures and release of videos could disclose security plans not generally known by the general public." (*See* Complaint, Exh. E.) To support their argument Defendants cite to 1 M.R.S. § 402(3)(Q) which provides in relevant part,

> [s]ecurity plans, staffing plans, security procedures, architectural drawings or risk assessments prepared for emergency events that are prepared for or by or kept in the custody of the Department of Corrections or a county jail if there is a reasonable possibility that public release or inspection of the records would endanger the life or physical safety of any individual or disclose security plans and procedures not generally known by the general public.

1 M.R.S. § 402(3)(Q) (2012).

The plaintiff argues that he has seen the video previously during his time as an employee with the County, and it is his recollection that it depicts a corrections officer approaching a prisoner and choking the prisoner. According to the plaintiff, the Video discloses no security plans and procedures, and to the extent that the Video shows appropriate restraint techniques, the techniques

3

employed by the corrections officer would be no different than techniques routinely employed in the presence of other prisoners. Because the Video fails to disclose any security procedures, the plaintiff contends that public release of the Video would in no way endanger the life or physical safety of any individual.

The court agrees with the plaintiff that the Video clip is a public record. The video clip is taken from a single shot (taken from one camera) of the most public of places, the in-take room, and lasts approximately 60 seconds revealing neither security plans nor procedures, but disclosing only a number of officers quick interaction with a prisoner. Contrary to the defendant's concern that such disclosure would place the jail in danger of its security plan being revealed, the court's order is limited to this particular video clip and should not be construed to say that all videos in the jails or prisons are public records. The court makes no such pronouncement, but rather concludes that only this video clip of a single, brief event is a public record that must be produced pursuant to this FOAA request.

B. Confidentiality Under 1 M.R.S. § 402(3)(A) and Title 30-A M.R.S. §503

The Legislature has mandated that, "[e]xcept as otherwise provided by statute, every person has the right to inspect and copy any public record." 1 M.R.S. § 408-A(1); *see also* 1 M.R.S. § 402(3) (defining public records)[1]. However, "[r]ecords that have

---

[1] Section 402(3) states,

> The term "public records" means any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in

4

been designated confidential by statute" fall outside the ambit of Section 402(3). 1 M.R.S. § 402(3)(A). Records that are designated confidential and therefore not available to the public are records of disciplinary investigations about or concerning municipal employees, unless disciplinary action is imposed. 30–A M.R.S. § 2702(1)(B)(5); *Lewiston Daily Sun v. City of Lewiston,* 596 A.2d 619, 621 (Me.1991).

The section excepting those municipal employee records from public disclosure provides, in pertinent part:

> **1. Confidential records.** The following records are confidential and not open to public inspection. They are not "public records" as defined in Title 1, section 402, subsection 3.
>
> These records include:
> ....
> **B.** Municipal records pertaining to an identifiable employee and containing the following:
> ....
> **(5)** Complaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and any other information or materials that may result in disciplinary action. If disciplinary action is taken, the final written decision relating to that action is no longer confidential after the decision is completed if it imposes or upholds discipline....

30–A M.R.S. § 2702(1)(B)(5).

The defendants argue that the video footage in question was saved as a result of a concern as to the actions of certain corrections officers with regard to an inmate. An internal investigation into the actions of the officers was conducted and the video footage was preserved as part of the investigatory process. Defendants also contend that if the footage had not been specifically saved as part of the internal investigation, it would have been recorded over in the normal course of operations at the jail. Therefore, defendants

---

connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business . . .

1 M.R.S. § 402(3) (2012).

contend that there is no question that the video footage constitutes "information or other materials that may result in disciplinary action".

In contrast, the plaintiff argues that the video existed before any investigation began and is therefore outside the protection of Section 2702(1)(B)(5). As the plaintiff contends, the County should not be allowed to defeat FOAA by suggesting that what was once a public record is no longer a public record simply because a copy of it subsequently became part of an employee's confidential personnel file. The court notes that if disciplinary action was taken, the final written decision is no longer confidential. Further, the name of law enforcement officers are not protected as confidential in investigations of the use of deadly force or physical force resulting in serious bodily injury, and under certain circumstances the final decisions after the investigation is completed is no longer confidential.

This Video clip is a record that was made in the ordinary course of business at the Cumberland County Jail. The fact that the video would have been taped over in the ordinary course of business is of no consequence. It brevity does not place the jail at risk that its security plans or procedures will be revealed.

C. Confidentiality Under I M.R.S. § 402(3)(A) and 34-A M.R.S. § 1216

Title 1 M.R.S. § 402(3)(A) states that records that have been designated confidential by statute are not public records and are not subject to disclosure under FOAA. Title 34-A M.R.S. § 1216(1) addresses confidentiality of corrections records and provides, in part, that,

> All orders of commitment, medical and administrative records, applications and reports, and facts contained in them, pertaining to any person receiving services from the department must be kept confidential

and may not be disclosed by any person, except that public records must
be disclosed in accordance with Title 1, section 408 . . .

34-A M.R.S. § 1216(1) (2012).

Here, the video footage in question contains footage of an inmate at the
Cumberland County Jail and his interactions with corrections officers. Defendants argue
that the video is confidential and cannot be released. Defendants contend the footage is
an administrative record of activity involving an inmate that occurred inside the County
jail and this person was receiving services from the jail. Plaintiff counters by stating that
the Video is a public record and is therefore expressly exempted from Section 1216.

Again, the court agrees with the plaintiff. This Video clip is not part of an order
of commitment, medical and administrative records, applications and reports pertaining
to services that are provided by the Department of Corrections. Simply put, the Video
clip does not relate in any way to the provision of services. Being restrained by an officer
is not the receipt of services within the meaning of subsection 1216. Rather, the receipt of
services is construed, within the context of the overall statute, to include without
limitation, education, training, prevention, diversion, treatment, medical, rehabilitation
and other services provided to clients or inmates of the Department of Corrections.

In summary, the defendants have failed to meet their burden of proof to establish
"just and proper cause" for the denial of a Freedom of Access Act request.

II. Attorney's Fees

The plaintiff argues that the defendants have failed to release the video to Mr.
Brady not because they believe the Video is confidential, but because the Video's public
disclosure will cast the County in an unfavorable light, and thus he is entitled to costs,
including but not limited to, reasonable attorney's fees. *See* 1 M.R.S. §409 (4).

7

Attorney's fees may be awarded for a party's "abuse of the litigation process." *Baker v. Manter,* 2001 ME 26, ¶ 14, 765 A.2d 583, 585. The Law Court has held that an award of attorney's fees is only appropriate where "certain egregious conduct" has occurred, and that sanctions "should be sparingly used." *Linscott v. Foy,* 1998 ME 206, ¶¶ 16-17, 716 A.2d 1017, 1021. In *Linscott,* the Court only awarded attorney's fees following the defendant's ongoing refusal to abide by a court order. 1998 ME 206 at ¶ 17, 716 A.2d at 1021.

Here, there is no evidence that the defendants have attempted to abuse the litigation process. It is the opinion of this Court that the defendants' reluctance to disclose the Video is based on a good faith belief that safety of the prison staff, inmates, and general public are at risk if security plans and details are inadvertently disclosed. Additionally, as defendants point out, "a person who discloses information in violation of [Section 1216] commits a civil violation for which a fine not to exceed $1,000 may be adjudged." 34-A M.R.S. §1216(3) (2012). Therefore, the Court finds that the defendants' caution is within reason and declines to award costs or attorney's fees to the plaintiff.

Therefore, the entry is:

The Appeal is GRANTED; the Freedom of Information Request for the Video clip is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: June 21, 2013

Joyce Wheeler
Justice, Superior Court

Plaintiff-Jonathan Goodman Esq
Defendants-Patricia Dunn Esq

8